■ Ramona J. Manyon et al., Respondents, v Dorothy M. Graser, Appellant.—Order unanimously reversed, without costs, motion granted and complaint dismissed. Memorandum: Defendant, her husband and plaintiff Peter Manyon orally agreed that a parcel of land would be sold to plaintiff Ramona Manyon for $2,000 and defendant accepted a check dated June 25, 1977 in the amount of $100 upon which was written: "Deposit on purchase of nine-foot strip, Fair Haven, balance of $1,900 on delivery of deed, etc. by or about 7-15-77." It was further agreed that Peter Manyon as an attorney would examine title and prepare a deed for defendant's signature. Defendant agreed to forward her deed to the property to Manyon's office. On June 29, 1977 plaintiff Peter Manyon received a certified letter postmarked June 28, 1977 from defendant, which included a return of plaintiff Ramona Manyon's check for $100. The letter stated: "Dear Mr. Manyon: I am enclosing herewith your personal check for one hundred dollars and no cents ($100.00). After weighing the facts with interested parties, I feel that it is not feasible, at this time, to sell the property in question. Thank you for your interest and consideration. If there is a change in the future, I will contact you. Sincerely, /s/ Dorothy M. Graser". Defendant in an action brought by plaintiff for specific performance has moved for summary judgment upon the authority of subdivision 2 of section 5-703 of the General

Obligations Law. In interpreting the Statute of Frauds the Court of Appeals in *Cooley v Lobdell* (153 NY 596) held that it was required that the memorandum signed by the party to be charged contain all the essentials of the complete agreement. "The statute requires the contract or some note or memorandum thereof to be in writing, and a writing cannot be a memorandum of a contract unless it contains the substance of a complete agreement, so that the full intention of the parties can be ascertained from it alone without recourse to parol evidence." *(Cooley v Lobdell,* 153 NY 596, 600, *supra.)* The Statute of Frauds was given a somewhat more liberal reading by the Court of Appeals in *Crabtree v Elizabeth Arden Sales Corp.* (305 NY 48). In that case, three writings were read together in order to satisfy the requirement of a memorandum signed by the party to be charged. The two writings signed by the party to be charged did not contain the particulars of the contract which was contained in a separate writing prepared by the party to be charged, but not signed. The court held that the Statute of Frauds did not prohibit the introduction of parol evidence to establish that all three writings were part of the same contractual arrangement, where they referred to the same subject matter, i.e., plaintiff's employment as a sales manager, all three writings were completely consistent although the signed writing did not incorporate or directly refer to the unsigned writing and the terms of the signed writings were identical to the terms in the unsigned writings. Finally, the signed writing acknowledged the existence of a contractual relationship with the sales manager. The court pointed out that "None of the terms of the contract are supplied by parol. All of them must be set out in the various writings presented to the court, and at least one writing, the one establishing a contractual relationship between the parties, must bear the signature of the party to be charged, while the unsigned document must on its face refer to the same transaction as that set forth in the one that was signed." *(Crabtree v Elizabeth Arden Sales Corp., supra,* pp 55-56.) In *Crabtree* the payroll charge card signed by the defendant party to be charged, referred to a salary increase from $25,000 to $30,000 for the sales manager, Crabtree, in accordance with certain contractual arrangements with Miss Arden. In the instant case, the letter signed by defendant Graser does refer directly to the deposit on which is written in cryptic form arrangements of a contractual nature with respect to a nine-foot strip of land in Fair Haven. However, the letter in no way acknowledges the existence of a contractual relationship with plaintiff which *Crabtree* deemed essential to take it out of the statute. A further distinguishing factor is that the check with the contractual notations upon it was prepared and signed by plaintiff, but not by defendant. The document in *Crabtree* did not contemplate the signature of the parties whereas the deposit check did contemplate the indorsement of defendant upon its acceptance. Had defendant accepted and indorsed the check, her signature would surely have been an acknowledgment of the terms of the agreement appearing on the face thereof sufficient to satisfy the requirement that there be a memorandum signed by the party to be charged. Her return of the check was an indication that she did not want to be bound *(Brause v Goldman,* 10 AD2d 328; *Solin Lee Chu v Ling Sun·Chu,* 9 AD2d 888). It would not appear to be in keeping with the presumed intentions of the parties were a rejection of the deposit offer with a covering letter stating a lack of desire to sell the property construed as a memorandum signed by defendant which satisfied subdivision 2 of section 5-703 of the General Obligations Law. A statute so easily satisfied would offer little protection against fraud. No fact is asserted by plaintiffs which would tend to establish an exception to subdivision 2 of

section 5-703 of the General Obligations Law based upon part performance. (Appeal from order of Cayuga Supreme Court—summary judgment.) Present —Marsh, P. J., Cardamone, Dillon, Schnepp and Witmer, JJ.