■ In the Matter of the Arbitration between ALLSTATE INSURANCE COMPANY, Appellant, and KATHLEEN STOLARZ et al., Respondents; NEW JERSEY MANUFACTURERS INSURANCE COMPANY, Appellant.—Weiss, J. P. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Stolarik, J.), entered September 12, 1990 in Rockland County, which, *inter alia,* denied petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties.

On February 18, 1989 respondents Kathleen Stolarz and John Stolarz (hereinafter collectively referred to as respondents) were seriously injured while driving a vehicle registered and insured in New Jersey to Kathleen Stolarz's employer, a New Jersey firm, and assigned to her to be principally garaged at her home in New York. The accident occurred in New York and involved a vehicle registered in New York which was owned and operated by Alan James. Respondents settled their personal injury claims against James for the full limits provided in the liability insurance policy covering his auto. Petitioner, the insurer of vehicles personally owned by respondents, and respondent New Jersey Manufacturers Insurance Company (hereinafter N J Manufacturers), the insurer of the vehicle occupied and operated by respondents, both consented to the settlement. Thereafter, respondents simultaneously demanded arbitration against petitioner and N J Manufacturers to resolve their underinsured coverage claims against those insurance companies.

Petitioner commenced this proceeding to stay the arbitration and, upon a cross motion by respondents, N J Manufacturers was subsequently made a party. Supreme Court declared that the full underinsurance coverage limits provided by both policies was available and that both policies should contribute ratably. Petitioner and N J Manufacturers have appealed.

N J Manufacturers contends that its liability pursuant to the underinsured coverage should be reduced by the amount that respondents received from the liability policy covering

the James vehicle pursuant to a policy provision mandated by New Jersey law (NJ Rev Stat § 17:28-1.1) which requires the reduction-in-coverage. N J Manufacturers argues that the rights and obligations under its insurance policy are governed solely by the law of New Jersey, the place where the contract of insurance was made. Supreme Court found that New York was the State most concerned with the matter and resolved the choice of law question in favor of New York, holding that the reduction-in-coverage clause was void because it was ambiguous and misleading.

New York has accepted a grouping of contacts approach which gives to the place having the most interest in the problems paramount control over the legal issues arising out of contracts. Thus, New York courts apply the policy of the jurisdiction most intimately concerned with the outcome of the case at issue (*Auten v Auten,* 308 NY 155, 161; *Regional Import & Export Trucking Co. v North Riv. Ins. Co.,* 149 AD2d 361; see, *Babcock v Jackson,* 12 NY2d 473). The record here shows that there are substantial New York contacts in this case. The accident occurred in New York between New York residents, involving a New York vehicle and a second vehicle which, while registered and insured in New Jersey, was principally garaged in New York. The principal location of the risk was New York and New York is the State most concerned with the outcome. Accordingly, Supreme Court correctly applied the law of New York and held the reduction-in-coverage clause to be void as repugnant to New York policy because such clauses are misleading and ambiguous (see, *Matter of United Community Ins. Co. v Mucatel,* 127 Misc 2d 1045, *affd without opn* 119 AD2d 1017, *affd on opn of Special Term* 69 NY2d 777).* We concur in that conclusion.

Petitioner contends that it should not have to contribute ratably because its "other insurance" clause is not similar to that in the N J Manufacturers policy. We cannot agree. Both policies, in effect, provided that their underinsured coverage was excess coverage over other similar insurance. Accordingly, they must contribute ratably to the extent of their policy

---

* The reduction-in-coverage clause reduces the amount a claimant is entitled to recover on the underinsured coverage by any sums paid by a third-party insurer. This effectively precludes an underinsured coverage insurer from ever having to pay the face amount of its underinsured coverage limits, which was held to be misleading and ambiguous in *United Community Ins. Co. v Mucatel (supra).*

limitations *(Carlino v Lumbermens Mut. Cas. Co.,* 74 NY2d 350, 355-356).

Mikoll, Yesawich Jr., Levine and Mercure, JJ., concur. Ordered that the order is affirmed, with costs.