■ FARM FAMILY MUTUAL INSURANCE COMPANY, Respondent, v ALLSTATE INSURANCE COMPANY, Appellant.—Harvey J.

On January 3, 1987, Timothy Halloway was involved in a three-car collision while driving an automobile owned by Ford Motor Credit Company (hereinafter Ford) and leased to Halloway's parents. As a result of the accident, suit was commenced by Daniel Jenkins, the operator of the third vehicle involved in the crash, against Halloway, his parents, Ford and the operator and owners of the second vehicle. Related personal injury claims were also brought on behalf of Marie Brooks and Dorothy Brown. At the time of the accident, Ford was insured by defendant for contingent primary coverage of $100,000 per person and $300,000 per accident. The policy also provided $1,000,000 in excess coverage. Additionally, the Halloways were insured under a policy issued by plaintiff which provided single limit primary coverage of $300,000 and $1,000,000 in excess coverage.

Ultimately, the Jenkins action was settled for $775,000 and the Brooks and Brown claims were settled for $18,000 each. The operator of the second vehicle contributed $25,000 to that figure. The balance of $786,000 was paid by plaintiff ($300,000 from plaintiff's primary coverage and $486,000 from its excess coverage). Plaintiff then commenced this action against defendant seeking pro rata contribution for the settlement plus interest and defense costs. Both parties moved for summary judgment. Supreme Court granted plaintiff's motion and denied defendant's cross motion, directing that defendant pay plaintiff $243,000 plus interest, which constituted half of the $486,000 plaintiff paid on its excess policy. This appeal followed.

Defendant principally contends that Supreme Court erred in determining from the record that ratable contribution was appropriate in this case. We must agree. The ratable contribution rule is generally stated as follows: "[W]here two or more

insurance policies purport to provide coverage of the same risk in excess of other available insurance, the 'excess' clauses cancel each other out, obligating each such insurer to share ratably in the settlement" *(Allstate Ins. Co. v Farmers Ins. Group,* 108 AD2d 284, 285, *mod on other grounds* 67 NY2d 924). Although both policies in this case purport to carry excess coverage, defendant argues that its policy falls within the recognized exception to this rule wherein a policy specifically shown to be excess to other excess policies creates a higher level of coverage and is not required to contribute ratably with mere excess policies *(see, supra,* at 285-286). The Court of Appeals has made it clear, however, that to qualify as being considered a higher layer of coverage than the standard excess coverage, such a status must be shown by the presence of plain language in the policy to that effect establishing whether ratable contribution was bargained for in the policy *(see, State Farm Fire & Cas. Co. v LiMauro,* 65 NY2d 369, 374; *Lumbermens Mut. Cas. Co. v Allstate Ins. Co.,* 51 NY2d 651, 656).

Here, it is true as noted by Supreme Court that the main portion of defendant's policy contains language stating that "the insurance provided by this policy is excess over any other collectible insurance", while plaintiff's policy states that "[t]his insurance is excess over other collectible insurance". The Court of Appeals in *Lumbermens Mut. Cas. Co. v Allstate Ins. Co. (supra,* at 655) determined that language similar to this was inadequate to evidence an intent that such a clause was specifically designed to be excess over other excess policies. Nevertheless, in the case at bar, the fourth endorsement to defendant's policy also contains a clause that states: "With respect to a [c]overed [a]uto the insurance under this policy * * * shall be excess insurance over any other valid and collectible insurance, whether primary, *excess* or contingent" (emphasis supplied). Almost exact language to this was held in *Lumbermens* to indicate a higher level of coverage. Plaintiff acknowledged this conflict in its brief but argues that an ambiguity was created which should be construed against the insurer seeking to deny liability *(see, e.g., Sincoff v Liberty Mut. Fire Ins. Co.,* 11 NY2d 386). We cannot agree with this argument. It must be remembered that the language indicating a higher level of coverage was contained in an endorsement, and endorsements can permissibly alter and broaden a policy *(see,* 69 NY Jur 2d, Insurance, § 738, at 139). The ratable contribution rule should not be employed "when its use would distort the meaning of the terms of the policies

involved" *(State Farm Fire & Cas. Co. v LiMauro,* 65 NY2d 369, 374, *supra).* Since plaintiff's papers present no proof that would prevent a finding that defendant's policy covered a higher risk than plaintiff's policy, we find no factual questions presented that would preclude a grant of summary judgment in defendant's favor.

Due to our resolution of this issue, there is no need to address the remaining arguments raised by the parties.

Mikoll, J. P., Yesawich Jr. and Crew III, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion denied, cross motion granted, summary judgment awarded to defendant and complaint dismissed.