**GREAT NORTHERN INSURANCE COMPANY and Linn Howard Selby, Plaintiffs–Appellants,**

v.

**MOUNT VERNON FIRE INSURANCE COMPANY, Defendant–Appellee.**

No. 364, Docket 97–7989.

United States Court of Appeals, Second Circuit.

Argued March 27, 1998.

Decided May 1, 1998.

Judith F. Goodman, Goodman & Jacobs, New York City, for Plaintiffs–Appellants.

Brian S. Sokoloff, Thurm & Heller, New York City, for Defendant–Appellee.

Before FEINBERG, CALABRESI and BRIGHT,* Circuit Judges.

CALABRESI, Circuit Judge:

Appellant Great Northern Insurance Company ("Great Northern") and its insured, Linn Howard Selby, appeal from a judgment of the United States District Court for the Southern District of New York (Denny Chin, *Judge* ) that two insurance policies, one issued by Great Northern and one by appellee Mount Vernon Fire Insurance Company ("Mount Vernon") are excess to one another with respect to their coverage for an injury sustained by a carpenter performing renovation work on appellant Selby's cooperative apartment. On consideration of the briefs, appendix, record, and oral argument in this appeal, we have concluded that we should certify the question of whether the phrase "similar coverage for 'your work' " in the "other insurance" clause of the Mount Vernon policy renders that policy's coverage excess to the coverage provided by the Great Northern Policy.

**Certificate**

Certificate to the New York Court of Appeals pursuant to N.Y. Comp.Codes R. & Regs. tit. 22, § 500.17(b) (McKinney's 1998 N.Y. Rules of Court) and § 0.27 of the Local Rules of the United States Court of Appeals for the Second Circuit.

The certified issue in this case concerns the proper interpretation, under New York law, of a provision in the "other insurance" clause of a standard commercial general liability insurance policy. Appellants Great Northern and Selby brought this declaratory judgment action in the district court to determine what share of the costs of defending and indemnifying Selby that Mount Vernon would owe for claims made against Selby in a personal injury suit brought against her in New York state court.

The accident that gave rise to the underlying action occurred when John Hlavaty, a carpenter doing renovation work on Selby's cooperative apartment, was injured at the job site. Hlavaty claims to have been an independent contractor performing work on behalf of the William Monier Construction Company ("Monier"), a general contractor that Selby hired to do the renovations. As part of Selby's contract with Monier, Monier agreed to defend Selby, indemnify her, and hold her harmless for any personal injuries or property damage that arose out of the construction work. Monier also agreed to obtain general liability insurance to cover the work, and to name Selby as an additional insured on the policy. Accordingly, Monier procured such coverage (in the form of a standard commercial general liability policy) from Mount Vernon. Selby also had her own insurance, a standard homeowner's policy issued by Great Northern.

Both Great Northern and Mount Vernon concede that their policies cover the subject loss (i.e., they both provide for defense and indemnification of Selby with respect to Hlavaty's claims against her). But the parties disagree about how the loss should be apportioned between them. Both policies have "other insurance" clauses, which attempt to deal with situations in which multiple policies cover a single loss by specifying when their coverage is "primary" as opposed to "excess" with respect to other applicable coverages. The parties agree that, pursuant to its "other insurance" provision, the Great Northern policy is excess with respect to the Mount Vernon policy. The sole disputed issue is, therefore, whether Mount Vernon's coverage is primary or excess to Great Northern's.

■ Under New York law, if the Mount Vernon coverage is excess, and hence the two policies are excess to one another, the two "other insurance" clauses cancel each other out and the companies must apportion the costs of defending and indemnifying Selby on a pro rata basis. By contrast, if Mount Vernon's coverage is primary with respect to Great Northern's, then Mount Vernon must pay up to the limits of its policy before Great Northern's coverage kicks in. *See, e.g., Farm Family Mut. Ins. Co. v. Allstate Ins.*

---

* The Honorable Myron H. Bright, Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

*Co.,* 179 A.D.2d 965, 579 N.Y.S.2d 207, 207–208 (3d Dep't 1992); *In re Allstate Ins. Co.,* 178 A.D.2d 899, 577 N.Y.S.2d 936, 938 (3d Dep't 1991), *rev'd on other grounds,* 81 N.Y.2d 219, 597 N.Y.S.2d 904, 613 N.E.2d 936 (1993).

The Mount Vernon policy reads as follows:

4.  Other Insurance.

If other valid and collectible insurance is available to the insured for a loss we cover . . ., our obligations are limited as follows:

a.  Primary Insurance

This insurance is primary except when b. below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by [a prescribed pro rata method].

b.  Excess Insurance

This insurance is excess over any of the other insurance, whether primary, excess, contingent or on any other basis:

(1) That is Fire, Extended Coverage, Builder's Risk, Installation Risk or similar coverage for "your work;"

(2) That is Fire insurance for premises rented to you; or

(3) If the loss arises out of the maintenance or use of aircraft, "autos" or watercraft. . . .

■ In other words, Mount Vernon's coverage is primary in most respects, and is excess to other applicable coverages only in a few specifically enumerated situations. It is undisputed that the Great Northern policy is not fire, extended coverage, builder's risk, or installation risk insurance, and that the sub-ject loss did not involve aircraft, watercraft, or autos. Accordingly, the disposition of this case turns on the meaning of the phrase "similar coverage for 'your work'" in the Mount Vernon policy.[1]

Great Northern argues that its coverage is not "similar" to fire, extended coverage, builder's risk, or installation risk insurance because all of these are examples of first-party property insurance, whereas the applicable coverage under the Great Northern policy is third-party liability insurance. Great Northern also claims that, because the Mount Vernon policy defines "your" to refer to "Named Insureds" only, while Selby is an "additional insured," the use of the term "your work" in the Mount Vernon excess coverage provision renders the clause inapplicable to the instant case.

Mount Vernon seeks to counter Great Northern's first argument by stating that the policies are "similar"—and therefore excess to one another—principally because both cover tort claims by third parties arising out of the renovations of Selby's apartment. And, Mount Vernon adds, the Great Northern policy is also similar to the categories of property insurance listed in its excess coverage provision because, in addition to indemnifying Selby for injuries to third parties, the Great Northern policy presumably would cover any damage to Selby's possessions that resulted from the renovation work. In response to Great Northern's second argument, Mount Vernon asserts that the terms "Named Insured" and "insured" are interchangeable, and therefore that the word "your" in "your work" refers to all insureds, including Selby.

Great Northern points to three published decisions, *Gerrish Corp. v. Aetna Casualty &*

---

1.  The Mount Vernon policy defines "your work" to mean "[w]ork or operations performed by you or on your behalf," as well as "[m]aterials, parts or equipment furnished in connection with such work or operations." It also states that:

> Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. . . .
> The word "insured" means any person or organization qualifying as such under WHO IS AN INSURED (SECTION II).

The "WHO IS AN INSURED" section designates "your spouse," "your employees," "your real estate manager," and the like as "insureds." It also specifies that, under certain circumstances, "[a]ny organization you newly acquire or form, other than a partnership or joint venture and over which you maintain ownership or majority interest, will qualify as a Named Insured if there is no other similar insurance available to that organization."

The policy endorsement by which coverage was extended to Selby designated Selby as an "additional insured."

*Surety Co.,* 949 F.Supp. 236 (D.Vt.1996) (applying Vermont law); *Nationwide Mutual Insurance Co. v. Hall,* 643 So.2d 551 (Ala. 1994) (applying Alabama law); and *Woodson v. A & M Investments, Inc.,* 591 So.2d 1345 (La.Ct.App.1991) (applying Louisiana law)— and several unpublished ones in other jurisdictions—each of which provides some support for its interpretation of Mount Vernon's "other insurance" clause. But the New York state courts have never interpreted the meaning of the phrase "similar coverage for 'your work'" in a commercial general liability policy of insurance.

Accordingly, we certify the question of whether the phrase "similar coverage for 'your work'" in the excess coverage provision of the "other insurance" clause of a commercial general liability policy renders that policy's coverage excess to the third-party liability coverage provided by a homeowner's policy (which is concededly excess with respect to the commercial general liability policy), such that the two insurers must bear pro rata shares of the cost of defending and indemnifying a homeowner in the event that a third party is injured while performing construction renovation work on the home.

The question should be decided by the New York Court of Appeals because there are no state court decisions that interpret the relevant provision of the "other insurance" clause. "New York has a strong interest in deciding the issue certified rather than having the only precedent on point be that of the federal court, which may be mistaken." *Home Ins. Co. v. American Home Prods. Corp.,* 873 F.2d 520, 522 (2d Cir.1989). Moreover, the insurance contract at issue here is a standard commercial general liability policy sold by numerous insurers throughout New York. Hence, the interpretation of the contract language will affect the interests of, among others, New York property owners, management companies, contractors, and injured third parties. For that reason, "[t]he question herein presented is likely to recur, and its resolution at this time by the New York Court of Appeals would aid in the administration of justice." *Id.*

Accordingly, it is hereby ORDERED that the Clerk of the Court transmit to the Clerk of the New York Court of Appeals a Certificate, in the form set forth above, together with a complete set of briefs, appendices, and record filed by the parties with this Court. This panel retains jurisdiction so that, after we receive a response from the New York Court of Appeals, we may dispose of the appeal. The parties are hereby ordered to bear equally such fees and costs, if any, as may be requested by the New York Court of Appeals.