**GREAT NORTHERN INSURANCE COMPANY and Linn Howard Selby, Plaintiffs–Appellants,**

v.

**MOUNT VERNON FIRE INSURANCE COMPANY, Defendant–Appellee.**

**No. 97–7989.**

United States Court of Appeals, Second Circuit.

Argued March 27, 1998.

Question Certified May 1, 1998.

Certified Question Answered by New York Court of Appeals Feb. 18, 1999.

Decided March 11, 1999.

Judith F. Goodman, Goodman & Jacobs, New York, NY, for Plaintiffs–Appellants.

Brian S. Sokoloff, Thurm & Heller, New York, NY, for Defendant–Appellee.

Before: FEINBERG, CALABRESI, and BRIGHT, Circuit Judges.*

PER CURIAM.

Appellant Great Northern Insurance Co. ("Great Northern") and its insured, Linn Howard Selby, appeal from a judgment of the United States District Court for the Southern District of New York (Denny Chin, *Judge*) that two insurance policies, one issued by Great Northern and one by appellee Mount Vernon Fire Insurance Company ("Mount Vernon") were excess to one another with respect to their coverage for an injury sustained by a carpenter performing renovation work on appellant Selby's cooperative apartment. *See Great Northern Ins. Co. v. Mount Vernon Fire Ins. Co.*, 143 F.3d 659, 660 (2d Cir.1998) (*"Great Northern I"*).

In *Great Northern I*, we stated that while both Great Northern and Mount Vernon agreed that their policies cover the subject loss, they disagreed about how the loss should be apportioned between them. *See Great Northern I*, 143 F.3d at 660. As we stated:

> Both policies contained "other insurance" clauses, which attempt to deal with situations in which multiple policies cover a single loss by specifying when their coverage is "primary" as opposed to "excess" with respect to other applicable coverages. The parties agree that, pursuant to its "other insurance" provision, the Great

Northern policy is excess with respect to the Mount Vernon policy. The sole disputed issue is, therefore, whether Mount Vernon's coverage is primary or excess to Great Northern's.

> Under New York law, if the Mount Vernon coverage is excess, and hence the two policies are excess to one another, the two "other insurance" clauses cancel each other out and the companies must apportion the costs of defending and indemnifying Selby on a pro rata basis. By contrast, if Mount Vernon's coverage is primary with respect to Great Northern's, then Mount Vernon must pay up to the limits of its policy before Great Northern's coverage kicks in.

*Id.*

Accordingly, we certified to the New York Court of Appeals the question:

> [W]hether the phrase "similar coverage for 'your work'" in the excess coverage provision of the "other insurance" clause of a commercial general liability policy renders that policy's coverage excess to the third-party liability coverage provided by a homeowner's policy (which is concededly excess with respect to the commercial general liability), such that two insurers must bear pro rata shares of the cost of defending and indemnifying a homeowner in the event that a third party is injured while performing construction renovation work on the home.

*Id.* at 662.

The New York Court of Appeals has answered the question certified in the negative, holding that Mount Vernon's coverage is primary with respect to Great Northern's policy and "Mount Vernon bears the initial responsibility for defending and indemnifying Selby for the carpenter's injury." *Great Northern Ins. Co. v. Mount Vernon Fire Ins. Co.*, 92 N.Y.2d 682, 683, 685 N.Y.S.2d 411, 708 N.E.2d 167 (1999) (*"Great Northern II"*). No other issues remain to be resolved.

The judgment of the district court is therefore reversed and the case is remanded to

---

* The Honorable Myron H. Bright, Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

the district court for proceedings consistent with this opinion.