\* The Honorable Milton Pollack, District Judge of the United States District Court for the Southern District of New York, sitting by designation.

\*\* The Honorable Christopher F. Droney, District Judge of the United States District Court for the District of Connecticut, sitting by designation.

MESSNER VETERE BERGER McNAMEE SCHMETTERER EURO RSCG INC., Plaintiff–Appellant,

v.

AEGIS GROUP PLC, Defendant–Appellee.

Docket No. 97–9091.

United States Court of Appeals, Second Circuit.

Argued: May 26, 1998.

Questions Certified July 17, 1998.

Certified Questions Answered by New York Court of Appeals March 25, 1999.

Decided: May 12, 1999.

Daniel R. Murdock, (Alan B. Howard and Jeremy F. Manning, of counsel), Winston & Strawn, New York City, for plaintiff-appellant.

David H. Pikus, Bressler, Amery & Ross, New York City, for defendant-appellee.

Before: CALABRESI, Circuit Judge, POLLACK \* and DRONEY,\*\* District Judges.\*\*\*

---

\*\*\* Pursuant to 28 U.S.C. § 46(b) and an order of the chief judge of this court certifying a judicial emergency, this case was heard by an emergency panel consisting of one judge of this court and two judges of the United States District Court sitting by designation.

**136**

PER CURIAM.

Plaintiff-appellant Messner Vetere Berger McNamee Schmetterer Euro RSCG Inc. ("Messner Vetere") appeals from a judgment of the United States District Court for the Southern District of New York (Miriam Goldman Cedarbaum, *Judge*), dismissing its claims against Aegis Group Plc ("Aegis") for breach of an alleged oral agreement to assign a written commercial lease on the ground that Messner Vetere failed to state a claim that would invoke the "part performance" exception to New York's Statute of Frauds. *See Messner Vetere Berger McNamee Schmetterer EURO RSCG, Inc. v. Aegis Group PLC*, 974 F.Supp. 270 (S.D.N.Y. 1997).

On appeal, we certified two questions concerning the scope of the part performance doctrine to the New York Court of Appeals. *See Messner Vetere Berger McNamee Schmetterer Euro RSCG, Inc. v. Aegis Group Plc*, 150 F.3d 194, 202 (2d Cir.1998). The questions certified were:

I.  Whether the part performance doctrine is adequately invoked at the pleading stage by a claim that the plaintiff "took no action" with respect to a pre-existing written agreement, relying on an oral promise allegedly made by the defendant to the plaintiff that the defendant would act in place of the plaintiff and fulfill all of the plaintiff's obligations under that agreement.

II. Whether the plaintiff's allegation of part performance by the defendant alone states a claim under the part performance doctrine.

*Id.*

The New York Court of Appeals has answered the certified questions in the negative and held that "[i]n the circumstances presented, plaintiff cannot claim the benefit of the part performance doctrine to avoid the Statute of Frauds." *Messner Vetere Berger McNamee Schmetterer Euro RSCG, Inc. v. Aegis Group*

*PLC*, 93 N.Y.2d 229, 689 N.Y.S.2d 674, 711 N.E.2d 953, (1999). No other issues remain to be resolved. Accordingly, we conclude that Messner Vetere has failed to state a claim and that the dismissal of its complaint by the district court pursuant to Fed.R.Civ.P. 12(b)(6) was appropriate.

The judgment of the district court is affirmed.