■ JOHN VALENTINO, Respondent, v JONATHON H.F. DAVIS et al., Appellants. [703 NYS2d 609] —Carpinello, J. Appeal from

an order of the Supreme Court (O'Brien, III, J.), entered February 2, 1999 in Chenango County, which denied defendants' motion for partial summary judgment.

Plaintiff breeds and raises thoroughbred horses on a farm in Chenango County. Defendant Jonathon H.F. Davis, a veterinarian, owns defendant Milfer Farm, Inc. in the Town of Unadilla, Chenango County. Prior to February 1991, the parties exchanged drafts of agreements concerning the boarding, breeding and care of plaintiff's mares with defendants' stallions, as well as the care and ownership of any future foals, for a three-year period at Milfer Farm. Notwithstanding these efforts, no written agreement was ever executed because the parties were unable to agree on all of the terms and conditions of the arrangement.

At a time when negotiations were still continuing between the parties (i.e., between Feb. 27, 1991 and Mar. 10, 1991), plaintiff transported over 20 mares and unweaned foals to Milfer Farm. During the ensuing four-month period, defendants were responsible for their care and maintenance and many of the mares were indeed bred with defendants' stallions. As a result of concerns about the quality of care that the mares and foals were receiving at Milfer Farm—overgrazing apparently led to sickness and death in some horses and overcrowded stalls apparently resulted in physical injury to others—plaintiff had all his horses removed from Milfer Farm on June 15, 1991. The foals later born to mares bred at Milfer Farms were retained by plaintiff.

Plaintiff thereafter commenced this action for breach of contract and negligence. Defendants' subsequent motion for partial summary judgment dismissing the breach of contract claim was denied by Supreme Court. Although the court determined that no written agreement had ever been entered into between the parties, it found triable issues of fact concerning whether there was an enforceable oral or implied-in-fact agreement. Defendants appeal.

Plaintiff's breach of contract claim should have been dismissed. As correctly found by Supreme Court, no written agreement was ever entered into between the parties. Moreover, the alleged oral agreement relied upon by plaintiff concerning the boarding, breeding and care of his mares and any resulting foals is barred by the Statute of Frauds, which requires a writing subscribed by the party to be charged if, by its terms, an agreement "is not to be performed within one year from the making thereof" (General Obligations Law § 5-701 [a] [1]). To the extent that plaintiff claims that various memoranda

exchanged between the parties are sufficient to satisfy the writing requirement of General Obligations Law § 5-701, we are unpersuaded.

Although Davis forwarded three draft proposals to plaintiff concerning a three-year boarding and breeding agreement, none was satisfactory to plaintiff and the parties never came to an agreement with regard to all the terms and conditions of the arrangement. Plaintiff himself readily and repeatedly acknowledged this point at a pretrial deposition. Plaintiff's pretrial testimony further made clear that the parties intended to have a formal contract prepared and signed once they reached an agreement on all terms and conditions. Indeed, plaintiff requested that any such written agreement finally reached between the parties be prepared by an attorney. No such agreement was ever reached or reduced to writing.

To the extent that plaintiff attempts to avoid the Statute of Frauds defense by arguing that the doctrine of part performance should be applied, we reject this argument. The Court of Appeals has recently clarified that the doctrine of part performance cannot save contracts governed by General Obligations Law § 5-701 (*see, Messner Vetere Berger McNamee Schmetterer Euro RSCG v Aegis Group*, 93 NY2d 229, 234, n 1) (hereinafter *Messner*). In *Messner*, the Court of Appeals was called upon to answer two questions certified by the Second Circuit regarding the scope of the part performance doctrine to an agreement governed by General Obligations Law § 5-703. In the underlying Federal decisions, the Federal District Court (*see, Messner Vetere Berger McNamee Schmetterer Euro RSCG v Aegis Group*, 974 F Supp 270, 275, *affd* 186 F3d 135) and the Second Circuit (*see, Messner Vetere Berger McNamee Schmetterer Euro RSCG v Aegis Group*, 150 F3d 194, 195-196, n 1) each noted that a judicially created part performance exception to General Obligations Law § 5-701 had been recognized by the Court of Appeals, citing to its decision in *Anostario v Vincinanzo* (59 NY2d 662).

The Court of Appeals in *Messner*, however, took strong exception to these statements; it noted that "we have not in fact adopted [a judicially created part performance exception to General Obligations Law § 5-701]. In fact *Anostario* does not cite to General Obligations Law § 5-701, and is wholly grounded upon General Obligations Law § 5-703" (*Messner Vetere Berger McNamee Schmetterer Euro RSCG v Aegis Group*, 93 NY2d 229, 234, n 1, *supra*). In view of this pronouncement, we hold that part performance is not a viable option to salvage plaintiff's breach of contract claim (*see generally, Cron v Hargo*

*Fabrics*, 91 NY2d 362, 367-368; *see also, Doehla v Wathne, Ltd.*, US Dist Ct, SD NY, Aug. 3, 1999, Haight, J.). Even if we were to apply the part performance doctrine, the parties' conduct between February 1991 and June 1991 (i.e., plaintiff's transportation of mares to Milfer Farm and defendants' boarding and breeding thereof) was not "unequivocally referable" to the alleged three-year agreement between the parties (*Anostario v Vicinanzo, supra*, at 664).

As an alternative to his claim that the parties entered into an enforceable oral agreement, plaintiff claims that, through their conduct, the parties entered into an implied-in-fact contract. The conduct referred to includes plaintiff's transportation of his mares and unweaned foals to Milfer Farms and defendants' undertaking thereafter to care for and breed them. "A contract may not be implied in fact from the conduct of the parties where it appears that they intended to be bound only by a formal written agreement" (22 NY Jur 2d, Contracts, § 7 at 34; *see, Scheck v Francis*, 26 NY2d 466). Here, plaintiff acknowledged that the parties intended for any long-term agreement to be formalized in writing by an attorney. No such writing having been executed, the contract may not then be implied in fact. Moreover, we find that the Statute of Frauds is an available defense to plaintiff's claim that an implied-in-fact contract existed between the parties (*see generally, American Fed. Group v Rothenberg*, 136 F3d 897, 910; *Ellis v Provident Life & Acc. Ins. Co.*, 3 F Supp 2d 399, 409, *affd* 172 F3d 37) and that this defense indeed bars such claim. This is not to say, however, that the parties may not seek damages under negligence or quantum meruit stemming from alleged acts and omissions during the four-month period between February 1991 and June 1991 when plaintiff's mares were boarded and bred at Milfer Farm.

Cardona, P. J., Mercure, Peters and Spain, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, partial summary judgment awarded to defendants and plaintiff's breach of contract claim is dismissed.