■ HOLDT ANDREWS, Appellant, v CERBERUS PARTNERS, Respondent. [707 NYS2d 85] —Order, Supreme Court, New York County (Herman Cahn, J.), entered June 3, 1999, which, to the extent appealed from as limited by the brief, granted the motion of defendant-respondent Cerberus Partners to dismiss plaintiff's second, third and fourth causes of action as barred by the Statute of Frauds and for failure to state a cause of action, unanimously affirmed, without costs.

Plaintiff's attempt to establish an oral agreement to enter into a joint venture must fail because of the absence of any allegation that the parties were to share losses (*see, Matter of Steinbeck v Gerosa*, 4 NY2d 302, 317, *appeal dismissed* 358 US 39). Furthermore, any argument that plaintiff was entitled to a 15% equity interest as a result of the information he imparted to defendant concerning the business that it eventually purchased is barred by General Obligations Law § 5-701 (a) (10), and plaintiff's contention that he was to receive a five-year employment contract is barred by General Obligations Law § 5-701 (a) (1). The claim for unjust enrichment, indistinguishable from the breach of contract claim, was also properly dismissed (*see, Bradkin v Leverton*, 26 NY2d 192). Likewise, the claim for tortious interference with prospective business relations cannot be sustained, since, absent any obligations under the alleged oral joint venture agreement, plaintiff cannot show that he had a prospective business relationship with the takeover target.

We note that, in an unchallenged portion of the order, the court dismissed the first cause of action for breach of the confidentiality agreement with leave to replead. However, were the issue before us, we would find that damages were sufficiently alleged. Concur—Williams, J. P., Mazzarelli, Rubin, Buckley and Friedman, JJ.