*710
 
 OPINION OF THE COURT
 

 Per Curiam.
 

 In this action for injunctive relief, the United States Court of Appeals for the Second Circuit has certified three questions to us:
 

 “(1) Whether a photographic shoot involving 75 to 100 nude bodies arranged in an abstract formation on a public street constitutes entertainment or performance in a ‘play, exhibition, show or entertainment’ within the meaning of the exception to N. Y. Pen. Law § 245.01 and § 245.02;
 

 “(2) If the answer to the first question is yes, whether the exceptions to N. Y. Pen. Law § 245.01 and § 245.02 are limited to indoor activities;
 

 “(3) If the answer to the first question is no, or if the answers to the first and second questions are both yes, whether N. Y. Pen. Law § 245.01 and § 245.02, so interpreted, are valid under the Constitution of the State of New York.”
 

 In the exercise of this Court’s discretion under section 500.17 of the Rules of the Court of Appeals (22 NYCRR 500.17), we respectfully decline to accept this certification.
 

 Plaintiff filed his complaint and sought preliminary injunctive relief on July 13, 1999. The District Court conducted a hearing on July 15, 1999 and issued its order granting the injunction the next day. Defendants immediately appealed to the Circuit Court. The following day, July 17, 1999, a panel of Judges of the Circuit Court conducted an expedited hearing, stayed the injunction and expedited the appeal with a three-week briefing schedule. The appeal was argued on September 13, 1999. Six months later, on March 24, 2000, the Circuit Court in two separate opinions issued its request for certification to this Court containing the above-quoted questions. A third, dissenting opinion followed on April 13 opposing certification on the ground, among others, that the issue has become moot.
 

 At the outset, we note the procedural posture of this case: a preliminary injunction regarding an alleged prior restraint of artistic conduct. The Panel majority has asked us “to consider on an expedited basis both whether [this Court] will accept certification, and, if it does, the questions here certified”
 
 (Tunick v Safir,
 
 209 F3d 67, 90 [2d Cir, Mar. 24, 2000]). In addition, the
 
 *711
 
 Circuit Court retained jurisdiction during the certification period to reconsider the stay of the preliminary injunction “should certification impose unexpected delays or should conditions with respect to the asserted right change”
 
 {id.,
 
 at 89). Thus, the questions come to us in the unique posture that, once accepted, they may become moot when for good reason, the Federal court might determine that there should be no further “delay in the adjudication of potential First Amendment rights”
 
 {id.).
 
 Once the stay of the preliminary injunction is lifted, the photo shoot would take place, effectively terminating plaintiffs action.
 

 Certainly, we share the Panel majority’s concern for expedited review and have considered the certification request at the first session of this Court after the request was complete. However, even with an expedited schedule for new briefing, argument and deliberation, this Court’s necessary decisional process would add some months to the life of this case.
 

 The Panel was, of course, also mindful of the need for expedition when it determined that the litigants might be better served by referral to this Court because resolution of the
 
 three
 
 foregoing questions might be determinative of the case. Indeed, the presence of the State constitutional issue — the third question — explicitly weighed in the balance favoring certification
 
 {id.,
 
 at 84 [Calabresi, J.];
 
 id.,
 
 at 94, n 8 [Sack, J.]). The parties themselves, however, did not raise, brief or argue a State constitutional issue. This Court could not responsibly engage on that question where the parties to the litigation have not sought relief under this State’s Constitution and the issue would be first briefed and raised in our Court.
 

 In view of the already lengthy delay in adjudication of plaintiffs civil rights claims (a matter of concern to both our courts) the fact that we would not in any event reach the proposed State constitutional question and the definite possibility of mootness of the remaining questions before they can be answered, we conclude that certification should be declined in the mutual interest of expeditious resolution of the preliminary injunction/prior restraint issue.
 

 We take this opportunity to underscore the great value in New York’s certification procedure where Federal appellate courts or high courts of other States are faced with determinative questions of New York law on which this Court has not previously spoken. Indeed, the certification procedure can
 
 *712
 
 provide the requesting court with timely, authoritative answers to open questions of New York law, facilitating the orderly development and fair application of the law and preventing the need for speculation. As shown by actual experience, and by this Court’s acceptance of all but a very few of the questions that have been certified to us by the Circuit Court, interjurisdictional certification is an effective device that can benefit Federal and State courts as well as litigants
 
 (see, e.g., Messenger v Gruner
 
 +
 
 Jahr Print. & Publ.,
 
 94 NY2d 436 [answering certified question]; 208 F3d 122 [2d Cir 2000] [resolving issue certified];
 
 Messner Vetere Berger McNamee Schmetterer Euro RSCG v Aegis Group,
 
 93 NY2d 229 [answering certified question]; 186 F3d 135 [2d Cir 1999] [resolving issue certified];
 
 Engel v CBS, Inc.,
 
 93 NY2d 195 [answering certified question]; 182 F3d 124 [2d Cir 1999] [resolving issue certified];
 
 Great N. Ins. Co. v Mount Vernon Fire Ins. Co.,
 
 92 NY2d 682 [answering certified question]; 170 F3d 275 [2d Cir 1999] [resolving issue certified]).
 

 In this case, however, the general benefits of the certification procedure are outweighed by the confluence of factors explained in this opinion. Those factors persuade us, in this particular instance, to exercise our discretion against accepting certification.
 

 Accordingly, the certified questions respectfully should be declined.
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Ciparick, Wesley and Rosenblatt concur in Per Curiam opinion.
 

 Acceptance of certification of questions by the United States Court of Appeals for the Second Circuit, pursuant to section 500.17 of the Rules of the Court of Appeals (22 NYCRR 500.17), declined.