■ STEPHEN PEVNER, INC., Appellant, v EVE ENSLER, Respondent. [766 NYS2d 183] —Judgment, Supreme Court, New York County (Herman Cahn, J.), entered July 30, 2002, dismissing the complaint, and bringing up for review an order, same court and Justice, entered July 5, 2002, which granted defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (5) as barred by the statute of frauds and pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, unanimously affirmed, without costs.

We conclude that plaintiff's claimed status as literary agent of defendant for the exploitation of her work, "The Vagina Monologues," was that of one negotiating the purchase or sale of a business opportunity (*see Freedman v Chemical Constr. Corp.*, 43 NY2d 260, 266 [1977]), so that it fell within the scope of General Obligations Law § 5-701 (a) (10). Additionally, although the alleged agreement with defendant was terminable, termination would have to await the completion of a full year, and so it fell within the provisions of General Obligations Law § 5-701 (a) (1) (*compare Cron v Hargro Fabrics*, 91 NY2d 362, 366-367 [1998]). Thus, any claim by plaintiff of a breach of an oral contract was properly dismissed as barred by the statute of frauds. The collective writings to which plaintiff points, seeking to make out a written agreement sufficient to satisfy the statute of frauds (*see generally Crabtree v Elizabeth Arden Sales Corp.*, 305 NY 48, 54), are insufficient since they rely almost entirely upon the unexecuted agreements prepared by plaintiff himself (*see Dorman v Cohen*, 66 AD2d 411 [1979]; *Solin Lee Chu v Ling Sun Chu*, 9 AD2d 888 [1959]).

Plaintiff's assertions of part performance do not take the matter out of the statute of frauds. The exception to the statute of frauds for part performance applies to General Obligations Law § 5-703, which deals with real estate transactions, but it has not been extended to General Obligations Law § 5-701 (*see Messner Vetere Berger McNamee Schmetterer Euro RSCG v Aegis Group*, 93 NY2d 229, 234 n 1 [1999]; *Valentino v Davis*, 270 AD2d 635, 637-638 [2000]). In any event, even if the exception applied to General Obligations Law § 5-701,

plaintiff's actions are not unequivocally referable to the alleged oral agreement (see Steele v Delverde S.R.L., 242 AD2d 414 [1997]).

The court also properly dismissed plaintiff's claims for quantum meruit and unjust enrichment. To the extent that these claims were not merely duplicative of plaintiff's breach of contract claim (see Fitz-Gerald v Donaldson, Lufkin & Jenrette, 294 AD2d 176 [2002]; J.E. Capital v Karp Family Assoc., 285 AD2d 361 [2001]), they rely on a single writing by defendant recognizing plaintiff's right to some payment for a single book publishing agreement. However, as that publication never took place, and no revenue was ever generated from that agreement, defendant received no benefit from plaintiff's services (see Martin H. Bauman Assoc. v H & M Intl. Transp., 171 AD2d 479, 484 [1991]).

We have considered and rejected plaintiff's remaining arguments. Concur—Andrias, J.P., Saxe, Williams, Marlow and Gonzalez, JJ.