RONALD KUHL et al., Appellants, v JAMES PIATELLI, Respondent. [820 NYS2d 149]—

Peters, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered June 27, 2005 in Saratoga County, which granted defendant's motion to dismiss the complaint.

Plaintiffs are the shareholders, officers and directors of Excel Hockey, a New York corporation doing business as "The Hockey Hut." The Hockey Hut, located in the Town of Halfmoon, Saratoga County, is a year-round facility used for both ice skating and ice hockey training. Defendant is a shareholder, officer and director of Twin Sticks, a Massachusetts corporation doing business as "The Pond." Twin Sticks provides ice hockey, lacrosse, baseball and softball training to children. Prior to forming Twin Sticks in May 2002, defendant met with plaintiffs in New York to observe their business in order to start a similar business.

According to plaintiffs, defendant solicited their participation in Twin Sticks, promising a 10% interest in exchange for, among other things, their confidential business information, assistance in the preparation of a business plan, advice regarding the construction of a new facility and a willingness to meet with prospective investors. Plaintiffs allege that after agreeing to these terms, defendant held himself out as their representative and business partner. They met in New York to discuss the project and then later met with both a vendor and potential investor in New York. Plaintiffs contend that between August 2001 and June 2002, defendant regularly communicated with them by telephone and e-mail and that, based upon the oral promise of compensation, they provided all of the services they promised.

Defendant denies that he entered into a business agreement, written or otherwise, by which he would provide plaintiffs with a 10% interest in his new venture. While acknowledging meetings in New York, defendant contends that he only explored the

possibility of working together. He alleges no financing, investors, vendors, customers, shareholders or officers from New York* and maintains that he has not taken any actions that would confer jurisdiction over him.

Plaintiffs commenced this action, alleging breach of contract, unjust enrichment, quantum meruit and fraud. After joinder of issue, defendant moved to dismiss the complaint on jurisdictional grounds, the statute of frauds, and a failure to plead fraud with particularity. Supreme Court granted defendant's motion by finding their agreement void under the statute of frauds, but on a ground different from that asserted by defendant. Further concluding that the fraud allegation must be dismissed because it relates to the breach of contract cause of action and that there was an insufficient basis to establish long-arm jurisdiction under CPLR 302 (a), the complaint was dismissed in its entirety. Plaintiffs appeal.

Addressing plaintiffs' contention that Supreme Court erred when it dismissed the complaint upon grounds that were not raised by defendant, we agree that settled law establishes that if an affirmative defense is not raised in the answer or on a motion to dismiss, it will be considered waived (see CPLR 3018 [b]; 3211 [e]; Rogoff v San Juan Racing Assn., 54 NY2d 883, 885 [1981]; Sheils v County of Fulton, 14 AD3d 919, 920-921 [2005], lv denied 4 NY3d 711 [2005]; Allen v Matthews, 266 AD2d 782, 784 [1999]). Here, however, defendant did raise the statute of frauds as an affirmative defense in his answer. Although the answer sought a dismissal under General Obligations Law § 5-701 (a) (1), and not General Obligations Law § 5-701 (a) (10), both require that the alleged agreement be in writing, albeit for different reasons. Plaintiffs cannot claim prejudice or surprise when Supreme Court considered the issue of whether a writing was required since the answer already put them on notice that this was at issue (cf. Blechner v Pecoraro, 164 AD2d 878 [1990]). In finding that Supreme Court properly considered the statute of frauds and that plaintiffs' failure to have properly memorialized their agreement warranted a dismissal of the complaint on this ground, we further find that in the absence of a contract, the remaining claims must be dismissed as they arise out of the alleged breach of this contract (see Rogoff v San Juan Racing Assn., 77 AD2d 831, 832 [1980], affd 54 NY2d 883 [1981]; Andrews v Cerberus Partners, 271 AD2d 348 [2000]).

Mercure, J.P., Spain, Rose and Kane, JJ., concur. Ordered that the order is affirmed, with costs.

---

* The articles of organization do, however, list as a director an "Albany, NY" resident.