■ John F. Nemelka et al., Appellants, v Questor Management Company, LLC, et al., Respondents. [836 NYS2d 598]—

Order, Supreme Court, New York County (Karla Moskowitz, J.), entered September 18, 2006, which granted defendants' motion to dismiss the complaint, unanimously affirmed, with costs.

The motion court correctly held that, notwithstanding plaintiffs' characterization of its relationship with defendants as coinvestors, partners or joint venturers, plaintiffs' claim is actually one for breach of an oral contract under which plaintiffs agreed to procure a business opportunity for defendants and defendants agreed that a portion of plaintiffs' compensation was to be in the form of a limited right to coinvest with defendants in the opportunity. So viewed, the claim is barred by the statute of frauds (General Obligations Law § 5-701 [a] [10]; *see Andrews v Cerberus Partners*, 271 AD2d 348 [2000]; *Zeising v Kelly*, 152 F Supp 2d 335, 343-344 [SD NY 2001]). We reject plaintiffs' claim that they had a preexisting fiduciary relationship with the Statler defendants as well as their argument that the motion court erred in lumping the Statler defendants together with the Questor defendants as plaintiffs' contractual counterparts, given allegations showing that the fee plaintiffs separately negotiated with the Questor defendants was not intended to be shared with the Statler defendants, and that plaintiffs were otherwise pursuing their own interests (*see Andrews; Tal v Malekan*, 305 AD2d 281 [2003], *lv denied* 100 NY2d 513 [2003]). The documents relied on by plaintiffs do not satisfy the statute of frauds as they are unsigned drafts (*see Stephen Pevner, Inc. v Ensler*, 309 AD2d 722 [2003]; *V. Ponte & Sons v American Fibers Intl.*, 222 AD2d 271 [1995]). Moreover, they do not include all the essential terms of the alleged agreement (*see V. Ponte & Sons*). The exception to the statute of frauds for part performance does not apply to General Obligations Law § 5-701 (a) (10) (*see Stephen Pevner*, 309 AD2d at 722). In any event, the claimed part performance is equally consistent with defendants' position that plaintiffs were to receive a transaction fee for their services in brokering the transaction as it is with plaintiffs' position that they were to receive a right of coinvestment in addition to a transaction fee (*see id.* at 722-723). Plaintiffs' remaining claims were properly dismissed as arising out of an alleged breach of an unenforceable agreement (*see Andrews*, 271 AD2d at 348; *Kuhl v Piatelli*, 31 AD3d 1038, 1039 [2006]). We have considered plaintiffs' other arguments and find them unavailing. Concur—Friedman, J.P., Sullivan, Sweeny, Catterson and McGuire, JJ.