■ TAYLOR DIVERSIFIED CORPORATE SERVICES, INC., Appellant, v AMBAC ASSURANCE CORPORATION, Formerly Known as AMBAC INDEMNITY CORPORATION, Respondent. [917 NYS2d 245]—

In an action, inter alia, to recover damages for breach of

contract, the plaintiff appeals from an order of the Supreme Court, Rockland County (Weiner, J.), dated March 15, 2010, which granted those branches of the defendant's motion which were to dismiss the complaint pursuant to CPLR 3211 (a) (5) as barred by the statute of frauds and the statute of limitations.

Ordered that the order is affirmed, with costs.

According to the complaint, the defendant and the plaintiff's predecessor-in-interest, American Health Capital, Inc. (hereinafter AHC), entered into an agreement in 1985 under which the defendant, in exchange for being appointed the exclusive insurer for a bond issue arranged by AHC, would pay AHC an "origination fee" of 12.5% of the premiums it received, as well as percentages of subsequent annual and "recycled" premiums on outstanding bonds.

On August 27, 2009, the plaintiff commenced this action, inter alia, to recover damages for breach of the alleged agreement. The defendant moved, inter alia, to dismiss the complaint pursuant to CPLR 3211 (a) (5) based upon the statute of frauds and the statute of limitations. The Supreme Court granted those branches of the defendant's motion which were to dismiss the complaint on those grounds, and we affirm.

General Obligations Law § 5-701 provides that "[e]very agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent, if such agreement, promise or undertaking . . . By its terms is not to be performed within one year from the making thereof" (General Obligations Law § 5-701 [a] [1]). However, the statute does not require that an agreement be contained in one signed document, however. Rather, it may be satisfied by multiple writings, signed and unsigned, provided that all of the terms "must be set out in the various writings presented to the court, and at least one writing, the one establishing a contractual relationship between the parties, must bear the signature of the party to be charged, while the unsigned document must on its face refer to the same transaction as that set forth in the one that was signed" (*Crabtree v Elizabeth Arden Sales Corp.*, 305 NY 48, 55-56 [1953]).

Here, the alleged agreement was never reduced to a writing signed by both parties. A letter sent by AHC to the defendant in December 1985 contained terms providing for AHC's entitlement to various percentages of premiums received by the defendant, but that letter was not signed by the defendant, despite a request in the letter that the defendant do so, and no other writing established the contractual relationship. The

plaintiff contends that a letter sent by AHC to the defendant in January 1987, proposing an arrangement for bonds to be issued in 1987, satisfied the statute of frauds with respect to the alleged 1985 agreement, since the defendant signed that letter and the letter made reference to a previous agreement. The defendant's countersignature on the 1987 letter, which referred to terms different from those contained in the 1985 letter, cannot reasonably be read as a post hoc endorsement of the 1985 letter, to which it, in any event, did not make reference. Rather, the defendant's countersignature on the 1987 letter may only be construed as the defendant's assent to an agreement covering bonds to be issued in 1987, under terms outlined in the 1987 letter. As such, the 1987 letter does not satisfy the statute of frauds with respect to the alleged 1985 agreement (*see Manyon v Graser*, 66 AD2d 1012, 1013 [1978]). Further, inasmuch as no other writings, singly or in combination, satisfy the statute of frauds with respect to the alleged 1985 agreement (*see Behrman v Peoples Camp Corp.*, 30 AD2d 973 [1968], *affd* 25 NY2d 920 [1969]; *cf. Intercontinental Planning v Daystrom, Inc.*, 24 NY2d 372, 379 [1969]), the Supreme Court correctly held that the plaintiff's claim in connection with the 1985 bond issue was barred by the statute of frauds.

The plaintiff's remaining contentions either are without merit or need not be reached in light of our determination. Mastro, J.P., Balkin, Leventhal and Miller, JJ., concur.