■ JUSTIN T. KELLY, Doing Business as KELLY CONSTRUCTION COMPANY, Appellant, v P & G VENTURES 1, LLC, et al., Respondents. [50 NYS3d 163]—

In an action, inter alia, to recover damages for breach of a promissory note, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated March 24, 2014, as granted the defendants' cross motion for summary judgment on their first counterclaim and thereupon offset the plaintiff's award of damages by $37,500.

Ordered that the order is reversed insofar as appealed from,

on the law, with costs, the defendants' cross motion for summary judgment on their first counterclaim is denied, and an order of the same court dated July 15, 2014, granting the plaintiff's motion to resettle the order dated March 24, 2014, is vacated.

The plaintiff and the defendants entered into an oral agreement for the plaintiff to provide general contracting services for the construction of a restaurant. Upon completion of the work, the plaintiff was not fully paid. Accordingly, the plaintiff presented, and the defendant Bershan Shaw signed, a promissory note for the money owed. Thereafter, the plaintiff commenced this action, inter alia, to recover damages for breach of contract and breach of the promissory note. The defendants alleged, in their first counterclaim, that the parties had entered into an oral finder's fee agreement wherein the plaintiff promised to pay a finder's fee to the defendants for any construction work for which they recommended him, and sought an offset to the plaintiff's award of damages by such finder's fee. The plaintiff moved for summary judgment awarding him the money owed under the promissory note and the defendants cross-moved for summary judgment on their first counterclaim. The Supreme Court granted the motion and cross motion. The plaintiff appeals from so much of the order as granted the cross motion.

Section 5-701 of the General Obligations Law provides, in relevant part, that an agreement is void if it is not in writing and "subscribed by the party to be charged therewith" (General Obligations Law § 5-701 [a]) when the agreement "[i]s a contract to pay compensation for services rendered in negotiating . . . a business opportunity" (General Obligations Law § 5-701 [a] [10]). The memorandum necessary to satisfy the statute of frauds may be pieced together out of separate writings, connected with one another either expressly or by the internal evidence of subject matter and occasion (*see Crabtree v Elizabeth Arden Sales Corp.*, 305 NY 48, 54 [1953]; *James V. Aquavella, M.D., P.C. v Viola*, 79 AD3d 1590 [2010], *affd* 17 NY3d 741 [2011]). In the event that one of the writings is unsigned, it may be read together with the signed writings, provided that they clearly refer to the same subject matter or transaction (*see Scheck v Francis*, 26 NY2d 466, 471 [1970]; *Crabtree v Elizabeth Arden Sales Corp.*, 305 NY at 55; *James V. Aquavella, M.D., P.C. v Viola*, 79 AD3d 1590 [2010]). Here, the collective writings to which the defendants point, seeking to make out a written agreement sufficient to satisfy the statute of frauds (*see generally Crabtree v Elizabeth Arden*

*Sales Corp.*, 305 NY at 54), are insufficient since there is no writing establishing a contractual relationship between the parties which bears the signature of the plaintiff, who is the party to be charged (*see generally Crabtree v Elizabeth Arden Sales Corp.*, 305 NY at 55-56; *James V. Aquavella, M.D., P.C. v Viola*, 79 AD3d at 1593).

Additionally, part performance does not take the matter out of the statute of frauds. The exception to the statute of frauds for part performance has not been extended to General Obligations Law § 5-701 (*see Messner Vetere Berger McNamee Schmetterer Euro RSCG v Aegis Group*, 93 NY2d 229, 234 n 1 [1999]; *Stephen Pevner, Inc. v Ensler*, 309 AD2d 722 [2003]; *Valentino v Davis*, 270 AD2d 635, 637-638 [2000]). In any event, even if the exception applied to General Obligations Law § 5-701, the defendants' actions are not unequivocally referable to the alleged oral agreement (*see Stephen Pevner, Inc. v Ensler*, 309 AD2d 722 [2003]; *Steele v Delverde S.R.L.*, 242 AD2d 414 [1997]).

Accordingly, the Supreme Court erred in granting the defendants' cross motion for summary judgment on their first counterclaim. Eng, P.J., Leventhal, Cohen and Duffy, JJ., concur.