Shapiro v Eltman, Eltman & Cooper, P.C. (2018 NY Slip Op 00323)





Shapiro v Eltman, Eltman & Cooper, P.C.


2018 NY Slip Op 00323


Decided on January 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2016-08082
2016-08360
 (Index No. 703909/15)

[*1]Akiva Shapiro, appellant, 
v
Eltman, Eltman & Cooper, P.C., respondent, et al., defendants.


Akiva Shapiro, Old Bethpage, NY, appellant pro se.
Paduano & Weintraub LLP, New York, NY (Leonard Weintraub and Katherine B. Harrison of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals (1) from an order of the Supreme Court, Queens County (Dufficy, J.), entered May 10, 2016, and (2), as limited by his brief, from so much of an order of the same court entered July 1, 2016, as granted those branches of the defendants' motion which were pursuant to CPLR 3211(a)(5) to dismiss the third and fourth causes of action insofar as asserted against the defendant Eltman, Eltman & Cooper, P.C.
ORDERED that the appeal from the order entered May 10, 2016, is dismissed as abandoned; and it is further,
ORDERED that the order entered July 1, 2016, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant Eltman, Eltman & Cooper, P.C.
The plaintiff's appeal from the order entered May 10, 2016, must be dismissed as abandoned, as the plaintiff failed to raise any issues with respect to that order in his brief.
The plaintiff allegedly began working for the defendant Eltman, Eltman & Cooper, P.C. (hereinafter Eltman), as a computer programmer and analyst in September 2011 upon the execution of a consulting contract. In October 2011, the plaintiff and Eltman allegedly entered into two additional contracts, including a second consulting agreement (hereinafter the RN Contract), both of which were oral agreements. In June 2014, Eltman terminated its relationship with the plaintiff.
Thereafter, the plaintiff commenced this action, alleging, inter alia, as a third cause of action, breach of the RN Contract, and, as a fourth cause of action, breach of the RN Contract's implied covenant of good faith and fair dealing. The plaintiff alleged in the complaint that the RN Contract "could have been completed in less than a year," was "not terminable at will," and provided [*2]for certain commission payments with a "multi-year payout schedule" in the event it was terminated by Eltman. The defendants moved, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the third and fourth causes of action insofar as asserted against Eltman. Among other things, the Supreme Court granted those branches of the defendants' motion. The plaintiff appeals.
Contrary to the plaintiff's contention, the RN Contract could not be performed by both parties within one year. "Where there is absolutely no possibility in fact and law of full performance by both parties within one year, the Statute of Frauds bars enforcement of an oral contract" (Americana Petroleum Corp. v Northville Indus. Corp., 200 AD2d 646, 647; see Hamburg v Westchester Hills Golf Club, Inc., 96 AD3d 802, 802-803; Spitz v Klein, 33 AD3d 988, 989). This rule is codified at General Obligations Law § 5-701. While the plaintiff alleged in the complaint that the RN Contract was "not subject to the statute of frauds" because written "notes or memorandums subscribed by Eltman exist," none of the writings relied upon by the plaintiff, singly or in combination, satisfy the statute of frauds with respect to the alleged RN Contract (see Taylor Diversified Corp. Servs., Inc. v AMBAC Assur. Corp., 81 AD3d 810, 812). To the extent that the plaintiff argues that Eltman's "part performance" under the RN Contract removes it from the statute of frauds, this argument is without merit, as the "exception to the statute of frauds for part performance has not been extended to General Obligations Law § 5-701" (Kelly v P & G Ventures 1, LLC, 148 AD3d 1002, 1004; see Messner Vetere Berger McNamee Schmetterer Euro RSCG v Aegis Group, 93 NY2d 229, 234 n 1; Stephen Pevner, Inc. v Ensler, 309 AD2d 722, 722). Accordingly, the Supreme Court properly granted those branches of the defendants' motion which were to dismiss the third and fourth causes of action insofar as asserted against Eltman as barred by the statute of frauds (see General Obligations Law § 5-701[a][1]).
CHAMBERS, J.P., COHEN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court