■ M. SHAWKY EL SAWAH, Appellant, v PENFIELD MECHANICAL CONTRACTORS, INC., et al., Respondents.—Order and judg-

ment unanimously affirmed, with costs. Memorandum: Special Term properly dismissed plaintiff's complaint on the basis of res judicata. In a prior action instituted by defendant to collect the balance due on a plumbing contract, plaintiff interposed two counterclaims seeking damages for negligent performance of the contract. Both counterclaims were dismissed. In the present action plaintiff asserts causes of action for breach of contract and negligence arising from the same agreement but contends that the theories under which he seeks relief and the evidence to support his claims are different from those in the prior action.

In determining whether causes of action are the same as those asserted in a prior action, a transactional analysis is utilized. Under that approach "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" *(O'Brien v City of Syracuse,* 54 NY2d 353, 357; *see also, Matter of Reilly v Reid,* 45 NY2d 24, 29-30).

Plaintiff's contention that his suit is based on newly discovered evidence is without merit since plaintiff's complaint and affidavits indicate that he was aware of the alleged defects at the time of the first trial. His failure to amend his pleading in the earlier action results in forfeiture of his claim and precludes him from bringing a separate action *(see, Smith v Sage Coll.,* 54 NY2d 185, 194, *rearg denied* 55 NY2d 878). Moreover, the appropriate method to obtain relief from a judgment on grounds of newly discovered evidence is to bring a motion pursuant to CPLR 5015 *(see, Statter v Statter,* 2 NY2d 668). (Appeal from order and judgment of Supreme Court, Monroe County, Siracuse, J.—dismiss complaint.) Present—Callahan, J. P., Denman, Boomer, O'Donnell and Schnepp. JJ.