■ CHARLES M. DAVIE et al., Respondents, v DANIEL DWYER, Appellant.—Order reversed on the law with costs and complaint dismissed. Memorandum: In June of 1987, plaintiffs entered into negotiations with defendant Dwyer regarding a sale of the business assets and real property owned by Bounty Bay Associates, a partnership. Separate agreements for purchase of the property and the business were executed, with defendant Dwyer, the operating partner, signing on behalf of the partnership. The partnership then refused to sell, claiming that Dwyer lacked general or specific authority to sell the partnership assets and that the remaining partners had not approved the sale (see, Partnership Law § 20 [3]). Plaintiffs commenced an action against the partnership, its predecessors in title, and each of the partners individually. The complaint alleged that the refusal to sell amounted to a breach of the purchase contracts and that the total acreage encompassed by the sale was misrepresented. Plaintiffs sought specific performance of the contract and damages. Following joinder of issue, defendants moved for summary judgment upon the ground that Dwyer had no authority to sell the partnership assets and that the partners had not approved the sale. Supreme Court granted summary judgment on the merits and an order dismissing the action was entered. No appeal was taken from that order. Instead, plaintiffs commenced a second action against Dwyer, alleging that Dwyer fraudulently misrepresented that he had the authority to sell; that Dwyer breached the purchase contracts in refusing to convey his interest in the partnership; and that Dwyer was unjustly enriched by his retention of rents, profits and income subsequent to the date the contracts were executed. Dwyer then brought this preanswer motion for dismissal of the second complaint upon the ground of res judicata or collateral estoppel (see, CPLR 3211 [a] [5]).

Supreme Court erred in denying defendant's motion. Dwyer was a party to the prior action in his individual capacity. The causes of action asserted in the second action arose out of the same series of transactions alleged in the original complaint, that is, Dwyer's negotiation and execution of the agreement. Whether that agreement was breached and whether defen-

dant misrepresented his authority to act on behalf of the partnership were issues that were, or could have been, raised and litigated in the original action and therefore those claims are now barred by res judicata *(see, O'Brien v City of Syracuse,* 54 NY2d 353; *Smith v Russell Sage Coll.,* 54 NY2d 185, *rearg denied* 55 NY2d 878).* We reject plaintiffs' claim that res judicata should not be applied because they did not learn of Dwyer's misrepresentation until the summary judgment motion in the first action. The record reveals that plaintiffs first learned of the partners' claim that Dwyer lacked authority to bind the partnership in a letter to plaintiffs' attorney dated October 27, 1987, some nine months prior to the summary judgment motion. Plaintiffs had ample time to seek an amendment *(see, El Sawah v Penfield Mechanical Contrs.,* 119 AD2d 980). Moreover, when the summary judgment motion was made, plaintiffs could have cross-moved for leave to amend their complaint *(see, Smith v Russell Sage Coll.,* 54 NY2d 185, 193-194, *supra).*

All concur, Pine, J., not participating. (Appeal from order of Supreme Court, Monroe County, Willis, J.—dismiss complaint.) Present—Denman, J. P., Green, Pine, Balio and Lawton, JJ.