■ PETER J. CASTIGLIA, Appellant, v COLONIAL PINES, INC., et al., Respondents. (Appeal No. 1.)—Order unanimously affirmed with costs. Memorandum: Plaintiff is attempting to set

aside a judgment of foreclosure based upon an unrecorded deed conveying part of the premises to him. It is undisputed that plaintiff never recorded that purported deed at any time prior to defendants' filing their notice of pendency (see, CPLR 6501) and commencing the foreclosure action. Plaintiff's complaint was properly dismissed as barred by the principles of res judicata since it asserted the same claims previously resolved in a prior action (see, Ryan v New York Tel. Co., 62 NY2d 494, 500; Shanley v Callanan Indus., 54 NY2d 52, 55; Davie v Dwyer, 155 AD2d 921).

Supreme Court properly granted defendants' motion to dismiss plaintiff's action to set aside the judgment and denied plaintiff's cross motion for summary judgment and to compel discovery. We note that no court has declared the parties' interest in the property (see, RPAPL 1521 [1]; Keller v Village of Castleton-on-Hudson, 173 AD2d 979; Orrino v Norbon Homes, 35 AD2d 732). Since this matter has been dismissed, that issue is not before us. If it were, we would declare that defendants acquired lawful right, title and interest to the premises by virtue of the foreclosure sale and Referee's deed, and that plaintiff has no right, title or interest in the premises. (Appeal from Order of Supreme Court, Erie County, Wolfgang, J.—Vacate Foreclosure.) Present—Callahan, J. P., Green, Balio, Davis and Doerr, JJ.