■ GARY R. ARBOUR, Respondent, v COMMERCIAL LIFE INSURANCE COMPANY, Appellant. [659 NYS2d 525] —Casey, J. Appeal from an order of the Supreme Court (Keegan, J.), entered August 19, 1996 in Albany County, which denied defendant's motion for summary judgment dismissing the complaint.

As a result of a fall into his bathtub in November 1991, plaintiff applied for permanent total disability benefits under a group disability and dismemberment insurance policy issued by defendant to his former employer. Upon investigation, defendant determined that plaintiff's loss did not result "directly and independently of all other causes" as required by the

policy, and it therefore disclaimed liability. Plaintiff commenced this action seeking compensation in the amount of $164,000, the full amount available under the policy. Defendant answered and, after some discovery, moved for summary judgment dismissing the complaint.

In support of its motion, defendant submitted, along with an affidavit by its attorney and certain discovery responses by plaintiff, unsworn medical records and reports to indicate that there were a number of events and incidents, prior to November 1991, impacting on plaintiff's spine in the area of injury. Two months later, in response to plaintiff's opposition papers, defendant submitted sworn copies of the medical records. Supreme Court denied defendant's motion finding that it could not be based on unsworn medical records and, even if the records were properly before the court, questions of fact precluded summary judgment. The court specifically declined to consider defendant's later inclusion of the sworn copies of these documents. Defendant appeals.

Given that the object of summary judgment is to expedite matters by eliminating claims from the trial calendar when appropriate to do so (*see, Andre v Pomeroy*, 35 NY2d 361, 364), we see no procedural infirmity in allowing defendant to resubmit sworn copies of the same medical evidence especially since it cannot be argued that in these circumstances a substantial right of plaintiff has been prejudiced (*see*, CPLR 2001). In addition, this is not a circumstance where defendant is using a reply affidavit to raise new theories in support of its motion and, therefore, the principle enunciated in *Ritt v Lenox Hill Hosp.* (182 AD2d 560, 562), upon which Supreme Court relied, has no application to this situation. Finally, and most compelling, although we recognize the general proposition that a person seeking summary judgment must submit evidentiary proof in admissible form (*see, Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067), this Court has specifically held that " 'a moving defendant may rely upon the unsworn reports of the plaintiff's own physicians in support of a motion for summary judgment' " (*Tankersley v Szesnat*, 235 AD2d 1010, 1011, n 3, quoting *Torres v Micheletti*, 208 AD2d 519; *see, Pagano v Kingsbury*, 182 AD2d 268, 271). Here, the records relied upon by defendant were submitted by plaintiff in response to defendant's discovery demands and constitute the records and reports of plaintiff's own doctors.

Having determined that consideration of defendant's submissions is appropriate, the question remains whether, based on this evidence, defendant is entitled to the relief requested. De-

fendant contends that it is entitled to summary judgment because not only has plaintiff failed to show that his loss resulted "directly and independently of all other causes", but he also failed to meet the further policy requirements that the November 1991 incident was an accident and that he was totally disabled.

Keeping in mind that all reasonable inferences are to be drawn in favor of the nonmoving party (*see, Shay v Palombaro*, 229 AD2d 697, 700), we find that summary judgment was properly denied. First, a question of fact exists as to whether plaintiff was permanently totally disabled as defined in the policy. Although defendant is correct in pointing out that plaintiff has not worked since the accident because his position was terminated, plaintiff's affidavit indicates that he cannot work, sit or stand for extended periods of time. Furthermore, a decision of the Social Security Administration held that plaintiff has been disabled since November 1991, cannot return to the type of work he once did and is unable to perform any sustained work activity, even that which is sedentary.

Next, although defendant presented evidence that plaintiff had previously injured his back on several occasions, plaintiff's submissions in opposition indicate that he had recovered from the earlier back injuries and there was "no evidence of permanency". There is also a question as to whether any of these prior incidents involved the same area of his back, as the only evidence in this regard is a 1976 fracture, and the existence of this injury is clearly disputed by the medical evidence submitted by plaintiff. It is therefore apparent that the parties' medical experts differ in opinion as to the cause of plaintiff's injuries, raising a question of credibility to be resolved by a jury (*see, Morrison v Hindley*, 221 AD2d 691, 694). In these circumstances, therefore, we find that summary judgment is not appropriate and was properly denied by Supreme Court.

Mikoll, J. P., White, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.