■ JOHN H. STEELE, Respondent, v DELVERDE S.R.L. et al., Appellants, et al., Defendant. [662 NYS2d 30] —Order, Supreme Court, New York County (Stephen Crane, J.), entered March 14, 1996, which denied the motion of defendants Delverde S.R.L. and Delverde USA, Inc. for summary judgment dismissing the complaint, unanimously modified, on the law, to the extent of dismissing the first cause of action for breach of contract and that portion of the complaint seeking recovery on the basis of estoppel, and otherwise affirmed, without costs.

Briefly stated, it is plaintiff's contention that he and appellants had an oral agreement by which plaintiff was to be appellants' exclusive United States agent for a period of two years for the sale of appellants' food products manufactured in Italy. There was no written agreement between the parties to this effect, and it is undisputed that various draft agreements were rejected by plaintiff. Several months after the alleged oral agreement was entered into, plaintiff was informed that appellants had entered into an exclusive agreement with another agency, and this lawsuit ensued.

Summary judgment dismissing the cause of action for breach of contract should have been granted. While the IAS Court agreed that the alleged oral agreement was subject to the Statute of Frauds, it determined that there was a question of fact as to whether plaintiff's alleged part performance entitled plaintiff to enforcement of the oral agreement. However, the doctrine of part performance may be invoked to remove an oral agreement from the operation of the Statute of Frauds only where "plaintiff's actions can be characterized as 'unequivocally referable' to the agreement alleged" (Anostario v Vicinanzo, 59 NY2d 662, 664; U.K. Cable Ventures v Bell Atl. Invs., 232 AD2d 294, 295, lv dismissed 89 NY2d 981). It is insufficient that the agreement confers some "significance" on or provides some motivation for plaintiff's conduct. Even if the conduct may be explainable as "preparatory steps" in the expectation of a future agreement, this, too, is insufficient for purposes of surviving a dismissal motion (59 NY2d, supra, at 664; Isaacs Bus. Ventures v Thompson, 223 AD2d 957, 958). Plaintiff's conduct here was not unequivocally referable to the alleged oral agreement, but may be viewed as merely preparatory steps in anticipation of a future contract with appellants;

indeed, we note that some of the conduct was performed even prior to the alleged oral contract.

In addition, plaintiff seeks to avoid the application of the Statute of Frauds by relying on the doctrine of promissory estoppel. This doctrine may be invoked only where the aggrieved party can demonstrate the existence of a clear and unambiguous promise upon which he or she reasonably relied, thereby sustaining injury; as a general matter, an oral promise will not be enforced on this ground unless it would be unconscionable to deny it (*Ginsberg v Fairfield-Noble Corp.*, 81 AD2d 318, 320-321). The facts presented in the instant case raise no such issue of unconscionability, i.e., even if all of plaintiff's allegations were taken to be true, they would not rise to the level of reliance and unconscionability such that the doctrine would be applicable (*see, e.g., Carvel Corp. v Nicolini*, 144 AD2d 611, 612-613; *Ginsberg v Fairfield-Noble Corp., supra*). Accordingly, the motion to dismiss the promissory estoppel claim should also have been granted.

With respect to plaintiff's final claim asserting a cause of action for quantum meruit, summary judgment was properly denied. Concur—Sullivan, J. P., Milonas, Ellerin, Tom and Mazzarelli, JJ.