■ MARINE MIDLAND BANK, Appellant, v JAKE'S PRODUCTS, INC., Defendant, and WILLIAM ORR, Respondent. [662 NYS2d 32] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered August 12, 1996, which, *inter alia*, denied plaintiff's motion for summary judgment on its third cause of action on defendant William Orr's guaranty and granted defendant Orr's cross motion for summary judgment dismissing said

cause of action insofar as it seeks to recover sums due on the guaranty, is unanimously reversed to the extent appealed from, on the law, with costs and disbursements, defendant's cross motion denied and the plaintiff's motion for summary judgment on the third cause of action granted only as to the amount due under the guaranty of the credit line agreement.

Defendant-respondent Orr is the president of defendant Jake's Products, Inc. In his individual capacity, Orr signed an "unconditional continuing guaranty", dated February 19, 1993, on a line of credit agreement with the corporation executed simultaneously on February 19, 1993. Orr unconditionally guaranteed full payment and waived notice, demand for payment and prior attempts to collect from the corporate borrower. In addition, his guaranty provided: "You can enforce this Guaranty even if you failed to perfect or continue a lien on any collateral which secures the debt or this guaranty, or if you delay in enforcing your rights under any agreements relating to the debt."

The guaranty also expressly barred amendment by "actions or verbal representations".

In opposition to the motion and in support of his cross motion, defendant Orr contended that the parties had agreed that the guaranty would be accomplished with plaintiff obtaining a first lien on Jake's assets, so that Orr would avoid exposure pursuant to his guaranty. Orr alleged that in executing the guaranty, he had relied upon plaintiff's false representation that it had obtained the requested subordination agreement and that its first lien was in place.

Plaintiff should have been granted summary judgment on its motion as to the third cause of action as to the amount due under the February credit agreement. The guaranty was unconditional and, rather than containing mere boilerplate, as stated by the IAS Court, contained a provision imposing primary liability on the guarantor and stating that the existence of any lien was immaterial. Thus, even assuming the alleged oral representation had been made, Orr's reliance upon it would have been unjustified in the face of the contrary express written provision (*see, Citibank v Plapinger*, 66 NY2d 90). Concur—Rosenberger, J. P., Nardelli, Rubin, Williams and Mazzarelli, JJ.