■ First National Bank of Maryland et al., Respondents, v Anwar Fancy et al., Defendants, and Michael Berman, Appellant. [663 NYS2d 851] —Order, Supreme Court, New York County (Walter Schackman, J.), entered September 10, 1996, which, in an action under Debtor and Creditor Law § 273 to set aside defendant Business Computing International Inc.'s (BCI) transfer of $100,000 to defendant-appellant Berman, insofar as appealed from as limited by the briefs, granted plaintiffs' motion for summary judgment to the extent of directing Berman to return the money to BCI within 45 days, unanimously affirmed, with costs.

There is no dispute that Berman received $100,000 immediately following the sale of all of BCI's assets to BCI's successor, Business Computing International Group, Inc. (BCIG); that at the time of such payment, BCI was in Chapter 11 reorganization and insolvent; that confirmation of BCI's reorganization plan established Berman (11 USC § 1141 [a]) as a Class 5 creditor who was to receive 2,000,000 shares of BCI common stock in full settlement of any and all claims he had against BCI; and that BCI received no consideration for the $100,000 payment. The only dispute is whether the source of the payment was BCI or BCIG, as to which we agree with the motion court that "the payor of the check is hardly relevant". Whether the check was actually signed by BCI or not, there is no question that Berman's receipt of the money was inextricably intertwined with the sale of BCI's assets to BCIG, and that the money was used to repay a debt of BCI that was no longer owed under the reorganization plan, to the detriment of plaintiffs who were scheduled to receive money from BCI under the same reorganization plan. To accept Berman's claimed issue of fact as material would be to place form over substance. We have considered Berman's other arguments and find them to be without merit. Concur—Wallach, J. P., Nardelli, Tom, Mazzarelli and Colabella, JJ.