■ MICHAEL RICHTER, Respondent, v RONALD J. ZABINSKY, Appellant. [683 NYS2d 65] —Judgment, Supreme Court, New York County (Jane Solomon, J.), entered December 2, 1997, after a nonjury trial, adjudging defendant liable to plaintiff for the amount of the promissory note in issue plus interest, costs and disbursements, unanimously reversed, on the facts, without costs, the judgment vacated and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint.

This action arises from defendant's suspension of payments on a $200,000 promissory note signed by him in connection with his purchase of one-half of plaintiff's business. The credible evidence demonstrates that after the note was signed,

business began to decline, placing in jeopardy a $966,000 outstanding line of credit with European American Bank. The lender required an infusion of $200,000 into the business as an assurance that the business would remain in operation. This sum was advanced by plaintiff, secured by a note from the business, but subject to a subrogation agreement with the lender establishing that plaintiff would not be repaid on that note until the lender was repaid its loan in full. During subsequent discussions among plaintiff, defendant and a bankruptcy attorney, plaintiff expressed a concern that, in the event bankruptcy was pursued, his $200,000 loan to the company be protected from creditors. He was advised that such protection required repayment to him of his loan prior to one year preceding the filing of a bankruptcy petition. In order to provide the one-year period and thus protect plaintiff's recoupment of his loan to the business, defendant agreed to keep the company operating for an additional 14 to 17 month period before filing for bankruptcy, a task, and a risk, enuring to plaintiff's, rather than defendant's, benefit. Plaintiff agreed to release defendant from his obligations to plaintiff under his note if the plaintiff thereby secured repayment of his loan to the business. Defendant thereafter operated the business from his home, aided only by a secretary, and provided for repayment in full to the lender and made payments to other creditors. Plaintiff was repaid his loan to the company more than one year prior to the filing of the bankruptcy petition. Although plaintiff contends that these matters never proceeded beyond mere discussion, an accountant who participated in meetings between plaintiff and defendant verified that on several occasions, he heard plaintiff agree to forgive defendant's obligation on the note between them under these terms, which thereafter were performed by defendant. Defendant concedes that the agreement was never formalized in writing.

The IAS Court's conclusion that there was, at best, an offer by plaintiff that was withdrawn, is contrary to the weight of the evidence. Rather, the credible evidence clearly establishes the existence of an oral agreement ratified by the conduct of the parties (*Matter of Express Indus. & Term. Corp. v New York State Dept. of Transp.*, 252 AD2d 376), the terms of which were definite, with the intent of the parties not in doubt (*Muhlstock v Cole*, 245 AD2d 55, 58), and verified by independent witnesses. Since the parties' actions were unequivocally referable to the terms of the agreement and explainable only with reference to the oral agreement, enforcement of its terms is not precluded by the Statute of Frauds (*Anostario v Vincinanzo*, 59 NY2d 662). Further, under standard tenets of prom-

issory estoppel, it would be unconscionable not to enforce this agreement (*Steele v Delverde S.R.L.*, 242 AD2d 414). Concur—Tom, J. P., Mazzarelli, Andrias and Saxe, JJ.