■ PHILLIP JAMES, Appellant, v WESTERN NEW YORK COMPUTING SYSTEMS, INC., Respondent. [710 NYS2d 740] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly granted that part of defendant's motion seeking to dismiss the second cause of action in the amended complaint. Plaintiff alleges in the amended complaint that he was employed by defendant as an at-will employee from July 1985 to December 1998. In 1992 he was offered an opportunity to participate in defendant's stock option plan pursuant to which he was entitled to purchase up to 5% of defendant's outstanding stock. Each eligible employee who participated would have the opportunity to purchase at book value 2,500 shares of voting common stock each year for 10 years. The stock option plan

provided that "the Plan shall not be deemed to constitute a contract of employment between the Company and any employee or to be a consideration for, or an inducement to or condition of, the employment of any person." In April 1993 plaintiff purchased 2,500 shares of defendant's stock pursuant to the stock option plan.

In the latter part of 1993, defendant informed plaintiff that his compensation was being restructured to reduce his commissions to 25%. Plaintiff alleges in the amended complaint that, "[i]n order to induce the Plaintiff to accept the cut in commissions and continue in Defendant's employ, [defendant's president] represented to the Plaintiff that by remaining with [defendant] and participating in the Plan, plaintiff would have the opportunity to own as much as 5% of [defendant] and would make much more money in the long run. In addition, [defendant's president and vice-president of finance] advised plaintiff that the shares he purchased would be worth four to five times what he paid." In January 1994 plaintiff purchased another 2,500 shares of defendant's stock and signed a stock option agreement incorporating the terms and provisions of the stock option plan. In 1995 defendant terminated the stock option plan. In the second cause of action, plaintiff seeks to recover "the current fair market value of the remaining twenty thousand shares of [defendant's] stock less the book value purchase price of said stock" based on either the oral agreement between the parties in the latter part of 1993 or promissory estoppel.

The second cause of action in the amended complaint arose from the same series of transactions alleged in the second cause of action in the complaint, which was dismissed with prejudice. Plaintiff did not appeal from the order dismissing that cause of action. Therefore, the second cause of action is barred by res judicata (see, O'Brien v City of Syracuse, 54 NY2d 353, 357; Davie v Dwyer, 155 AD2d 921, 921-922).

In any event, even if the second cause of action were not barred by res judicata, we would conclude that it was properly dismissed. Contrary to plaintiff's contention, the amended complaint fails to state a cause of action for breach of an oral contract. The record establishes, and plaintiff concedes, that the alleged oral agreement falls within the Statute of Frauds (see, General Obligations Law § 5-701 [a]). We reject plaintiff's contention that the agreement falls within the part performance exception to the Statute of Frauds. "The doctrine of part performance may be invoked only if plaintiff's actions can be characterized as 'unequivocally referable' to the agreement al-

leged * * * [T]he actions alone must be 'unintelligible or at least extraordinary,' explainable only with reference to the oral agreement" (*Anostario v Vicinanzo*, 59 NY2d 662, 664). The acts performed must be clear, certain and definite to remove an oral agreement from the Statute of Frauds (*see, Korff v Pica Graphics*, 121 AD2d 511, 512). Plaintiff's actions are not unequivocally referable to the alleged oral agreement, nor are they explainable only with reference to that agreement (*see, Anostario v Vicinanzo, supra*, at 664; *Hart v Windjammer Barefoot Cruises*, 220 AD2d 252; *Klein v Jamor Purveyors*, 108 AD2d 344, 348-349; *Cunnison v Richardson Greenshields Sec.*, 107 AD2d 50, 54).

Also contrary to plaintiff's contention, the amended complaint fails to state a viable cause of action for promissory estoppel. The alleged oral promise is not sufficiently clear and unambiguous to support such a cause of action (*see generally, Gurreri v Associates Ins. Co.*, 248 AD2d 356, 357). The oral agreement is unclear concerning the duration of plaintiff's employment, the specifics of the plan in which plaintiff is to participate, what plaintiff's "opportunity" entails, or the amount of money plaintiff would receive from the stock. Additionally, promissory estoppel is available only where a party reasonably relies on an oral representation and it would be unconscionable to deny enforcement of the oral agreement (*see, Steele v Delverde S.R.L.*, 242 AD2d 414, 415). We conclude that plaintiff's allegations fail to establish the requisite unconscionability (*see, Steele v Delverde S.R.L., supra*, at 415; *Klein v Jamor Purveyors, supra*, at 349).

Furthermore, plaintiff's allegations concerning breach of an oral agreement and promissory estoppel lack merit in light of the express written provisions in the stock option plan and subsequent agreement that the plan could be terminated by defendant at any time and that the plan and agreement were not contracts for employment or inducements for continued employment (*see generally, Marine Midland Bank v Jake's Prods.*, 242 AD2d 415, 416; *Lejkowski v Petrou*, 178 AD2d 465). (Appeal from Order of Supreme Court, Monroe County, Stander, J.—Dismiss Pleading.) Present—Pigott, Jr., P. J., Wisner, Scudder and Lawton, JJ.