■ PETER J. FOGEL, Appellant, v RAMONA OELMANN, Respondent. [776 NYS2d 76]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (O'Connell, J.), dated November 19, 2002, which granted the defendant's motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint.

Ordered that the order is affirmed, without costs or disbursements.

The plaintiff commenced a prior action against the defendant in February 2002, inter alia, for specific performance of an agreement in which the defendant allegedly acknowledged her indebtedness to the plaintiff and agreed to deed over to him certain property she owned in satisfaction of the debt. The action was dismissed in June 2002, on the ground that the agreement was "impossible of performance." No appeal was taken. Several months later, the plaintiff commenced the instant action, inter alia, alleging breach of contract, fraud, and conversion.

"[O]nce a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" (*O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]; *see O'Connell v Corcoran*, 1 NY3d 179, 184-185 [2003]; *Smith v Russell Sage Coll.*, 54 NY2d 185, 192-193 [1981]; *CRK Contr. of Suffolk v Brown & Assoc.*, 260 AD2d 530 [1999]). Although the instant action was based on different theories and sought different remedies, it was grounded on the same transaction or series of transactions as the prior action. Accordingly, the Supreme Court properly granted the defendant's motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint on the ground of res judicata (*see Smith v Russell Sage Coll., supra; Marinelli Assoc. v Helmsley-Noyes Co.*, 265 AD2d 1 [2000]; *Davie v Dwyer*, 155 AD2d 921 [1989]). Ritter, J.P., S. Miller, Townes, Crane and Rivera, JJ., concur.