■ LUCILLE BINKOWSKI, Appellant, v HARTFORD ACCIDENT AND INDEMNITY COMPANY, Respondent. [876 NYS2d 295]—

Appeal from an order of the Supreme Court, Erie County (Kevin M. Dillon, J.), entered April 11, 2008. The order granted defendant's motion to dismiss the complaint.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action against defendant, her employer's workers' compensation carrier, seeking damages resulting from the breach of an alleged oral agreement between plaintiff and defendant concerning the offset of future benefit payments following plaintiff's settlement with a third party. In her complaint, plaintiff alleged that she paid $18,916 to satisfy defendant's lien on the settlement and that defendant's representative orally promised plaintiff that her workers' compensation benefits would resume after 9.36 years rather than the 13.6-year period set forth in the notice of decision of the Workers' Compensation Board. We conclude that Supreme Court properly granted defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (5) on the ground that the action is barred by the statute of frauds. Defendant established that its alleged oral agreement with plaintiff by its terms could not be performed within one year and thus is barred by the statute of frauds (*see* General Obligations Law § 5-701 [a] [1]; *Sheehy v Clifford Chance Rogers & Wells LLP*, 3 NY3d 554, 561-562 [2004], *rearg denied* 4 NY3d 795 [2005]).

Contrary to plaintiff's contentions, no exception applies to defeat the affirmative defense of the statute of frauds. Plaintiff alleged in opposition to the motion that defendant's amended answer, in which it denied the existence of the oral agreement, was unverified. Plaintiff thus contended that there is a triable issue of fact whether defendant admitted the existence of the oral agreement. "[D]efendant's admission of the existence and essential terms of the oral agreement '[would be] sufficient to take the agreement outside the scope' " of the statute of frauds (*Concordia Gen. Contr. v Peltz*, 11 AD3d 502, 503 [2004]). Contrary to plaintiff's contention, we conclude that the court properly considered the verified copy of the amended answer submitted by defendant in its reply papers. The reply papers merely responded to plaintiff's opposition to the motion and raised no new theories or contained new information. "Given that the object of [a motion to dismiss] is to expedite matters by eliminating claims from the trial calendar when appropriate to do so . . . , we see no procedural infirmity in allowing defendant to resubmit [a verified] cop[y] of the same [amended answer,] especially since it cannot be argued that in these circumstances a substantial right of plaintiff has been prejudiced" (*Arbour v Commercial Life Ins. Co.*, 240 AD2d 1001, 1002 [1997]; *cf. Seefeldt v Johnson*, 13 AD3d 1203, 1203-1204 [2004]).

Plaintiff further contends that the agreement may be enforced under the doctrines of promissory estoppel or part performance. Neither contention is availing. "Promissory estoppel is made

out by a 'clear and unambiguous promise; a reasonable and foreseeable reliance by the party to whom the promise is made; and an injury sustained by the party asserting the estoppel by reason of his [or her] reliance' " (*Chemical Bank v City of Jamestown*, 122 AD2d 530, 531 [1986], *lv denied* 68 NY2d 608 [1986]). In light of defendant's denial of the alleged promise, plaintiff has failed to establish the existence of a clear and unambiguous promise and thus the doctrine of promissory estoppel does not apply (*see Rogowsky v McGarry*, 55 AD3d 815 [2008]; *Chemical Bank*, 122 AD2d at 530). With respect to the doctrine of part performance, that doctrine removes oral agreements from the scope of the statute of frauds "only if plaintiff's actions can be characterized as 'unequivocally referable' to the agreement alleged . . . [T]he actions alone must be 'unintelligible or at least extraordinary,' explainable only with reference to the oral agreement" (*Anostario v Vicinanzo*, 59 NY2d 662, 664 [1983]; *see James v Western N.Y. Computing Sys.*, 273 AD2d 853, 854-855 [2000]). Inasmuch as defendant had a lien on plaintiff's settlement with the third party (*see* Workers' Compensation Law § 29 [1]), it cannot be said that plaintiff's agreement to pay the lien is unequivocally referable to the alleged oral agreement, nor is the payment "explainable only with reference to" that alleged agreement (*Anostario*, 59 NY2d at 664; *see James*, 273 AD2d at 855). Present—Centra, J.P., Peradotto, Carni, Green and Pine, JJ.