■ ALFONSO GREAVES et al., Appellants, v CARMEN ORTIZ, Respondent, et al., Defendants. [885 NYS2d 217]—

In an action, inter alia, to recover damages for fraud, conversion, and unjust enrichment, the plaintiffs appeal from an order of the Supreme Court, Kings County (Schack, J.), dated March 28, 2008, which granted the motion of the defendant Carmen Ortiz pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against her as barred by the doctrine of res judicata.

Ordered that the order is affirmed, with costs.

Under the transactional analysis approach, the doctrine of res judicata precludes relitigation of matters that could have or should have been raised in a prior proceeding arising from the same factual grouping or transaction (*see Marinelli Assoc. v Helmsley-Noyes Co.*, 265 AD2d 1, 5 [2000]). Where the same

foundational facts serve as a predicate for each proceeding, differences in legal theory or relief sought do not create a separate cause of action (*see Matter of Reilly v Reid*, 45 NY2d 24, 26 [1978]).

Here, the plaintiffs' claim for specific performance in a previously-dismissed action arises out of the same transaction as the various claims to recover damages for fraud, conversion, and unjust enrichment asserted in this action against the defendant Carmen Ortiz. Moreover, the causes of action asserted in the two actions were grounded on the same alleged wrong (*see Smith v Russell Sage Coll.*, 54 NY2d 185, 192 [1981]; *Brown v Lockwood*, 76 AD2d 721, 736-737 [1980]). Accordingly, the Supreme Court properly granted Ortiz's motion to dismiss the complaint insofar as asserted against her as barred by the doctrine of res judicata (*see Fogel v Oelmann*, 7 AD3d 485, 486 [2004]). Skelos, J.P., Fisher, Belen and Lott, JJ., concur.