# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**695**

**CA 11-02579**

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, SCONIERS, AND MARTOCHE, JJ.

---

REGENT FINANCIAL GROUP, LLC,
PLAINTIFF-RESPONDENT,

                V                          MEMORANDUM AND ORDER

ROSALEE BEDIAN, DEFENDANT-APPELLANT.

---

ADAIR LAW FIRM, LLP, ROCHESTER (DONALD R. ADAIR OF COUNSEL), FOR DEFENDANT-APPELLANT.

PHETERSON & PHETERSON, ROCHESTER (IRVING PHETERSON OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), entered March 16, 2011. The judgment awarded plaintiff the sum of $78,460.34 against defendant.

It is hereby ORDERED that the judgment so appealed from is unanimously vacated and the order entered March 7, 2011 insofar as appealed from is reversed on the law, that part of plaintiff's motion for summary judgment on the first cause of action is denied and that part of defendant's cross motion for leave to amend her answer to assert a counterclaim for misrepresentation is granted, and as modified the order is affirmed without costs.

Memorandum: Defendant appeals from a judgment that brings up for review the underlying order that, inter alia, granted those parts of plaintiff's motion to dismiss the counterclaims and for summary judgment on the first cause of action in this breach of contract action, and denied that part of defendant's cross motion for leave to amend her answer. As limited by her brief, defendant contends that Supreme Court erred in granting that part of plaintiff's motion for summary judgment on the first cause of action, and in denying that part of her cross motion seeking leave to amend her answer to assert a counterclaim alleging misrepresentation. We agree with defendant.

The record establishes that defendant worked for a period of time as a representative of plaintiff, a financial services company. Pursuant to an agreement that was never executed, plaintiff initially paid defendant $130,000 per year in monthly installments in anticipation that defendant would earn commissions from her work that would meet and even exceed what she was paid. After a series of events that included the reduction by plaintiff of defendant's monthly draws and the imposition of a condition barring defendant from

engaging in outside employment, defendant eventually ended her employment with plaintiff.  Plaintiff thereafter commenced this action seeking to recover unearned commissions that had been paid to defendant, totaling $64,099.98.

We agree with defendant that the court erred in granting that part of plaintiff's motion for summary judgment on the first cause of action, upon determining that there was an enforceable "special agreement" that obligated defendant to repay unearned commissions to plaintiff.  The court properly concluded that enforcement of the unsigned agreement in its entirety was barred by the statute of frauds (*see* General Obligations Law § 5-701 [a] [1]).  Moreover, the court properly recognized that "no recovery can be had for the excess of advances over commissions in the absence of an agreement, express or implied, by the agent or employee to repay such excess" (*Nationwide Mut. Ins. Co. v Timon*, 9 AD2d 1018; *see Kleinfeld v Roburn Agencies, Inc.*, 270 App Div 509, 511).  The court erred, however, in determining that defendant had entered into a separate binding "special agreement" that obligated her to repay unearned commissions.  According to the court's reasoning, the one-term "special agreement" was enforceable based on defendant's acknowledgment of that term, despite the applicability of the statute of frauds to the agreement as a whole as well as the fact that plaintiff relied on the statute of frauds to avoid all other terms of the parties' unsigned agreement with the exception of that same term, obligating defendant to repay unearned commissions.  Although a party's "admission of the existence and essential terms of [an] oral agreement [would be] sufficient to take the agreement outside the scope of the statute of frauds" (*Binkowski v Hartford Acc. & Indem. Co.*, 60 AD3d 1473, 1474 [internal quotation marks omitted]), here plaintiff sought to enforce only one term of the oral agreement, while refusing to acknowledge all of its "essential terms" (*Concordia Gen. Contr. v Peltz*, 11 AD3d 502, 503).  Because there was no special agreement independent of the other elements of the parties' otherwise unenforceable oral agreement, the court erred in granting that part of plaintiff's motion for summary judgment on its first cause of action, seeking repayment of unearned commissions.  In any event, even assuming, arguendo, that plaintiff established the existence of an enforceable "special agreement," we conclude that defendant raised an issue of fact with respect to whether she was liable for the repayment of unearned commissions (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

We further conclude that the court erred in denying that part of defendant's motion for leave to amend her answer to assert a counterclaim alleging misrepresentation by plaintiff.  To the extent that plaintiff alleges the existence of an enforceable "special agreement" obligating defendant to repay unearned commissions, we conclude that defendant is entitled to assert as a counterclaim that she was induced to enter into that agreement as the result of misrepresentations made by plaintiff's principal (*see generally Deerfield Communications Corp. v Chesebrough-Ponds, Inc.*, 68 NY2d 954, 956).

Entered:  July 6, 2012

Frances E. Cafarell
Clerk of the Court