# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

186

CA 12-01779

PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

AMERICAN TOWER ASSET SUB, LLC AND AMERICAN
TOWER ASSET SUB II, LLC, PLAINTIFFS-APPELLANTS,

V                                         MEMORANDUM AND ORDER

BUFFALO-LAKE ERIE WIRELESS SYSTEMS CO., LLC,
DEFENDANT-RESPONDENT.

---

MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP, NEW YORK CITY (WILLIAM N. AUMENTA OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.

LIPPES MATHIAS WEXLER FRIEDMAN LLP, BUFFALO (THOMAS J. GAFFNEY OF COUNSEL), FOR DEFENDANT-RESPONDENT.

-----------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (John A. Michalek, J.), entered June 25, 2012. The order denied plaintiffs' motion for partial summary judgment and granted defendant's cross motion for partial summary judgment on liability on its second counterclaim.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the cross motion is denied, the motion is granted and the second counterclaim is dismissed.

Memorandum: Plaintiffs commenced this action seeking damages for, inter alia, breach of contract. In its amended answer, defendant asserted a second counterclaim seeking damages for breach of an "[o]ption [c]ontract" entered into by the parties in September 2003. As was made apparent during proceedings on this action, the second counterclaim was based on a document dated September 12, 2003 that was titled "Letter Agreement for the 26 site commitment" (Letter Agreement). Plaintiffs moved for partial summary judgment and, although it is not clear from the record, the parties do not dispute that plaintiffs thereby sought partial summary judgment dismissing the second counterclaim. Defendant cross-moved for partial summary judgment on the second counterclaim.

We agree with plaintiffs that Supreme Court erred in granting the cross motion and in denying the motion. We conclude that the Letter Agreement is not enforceable because it is barred by the statute of frauds (*see* General Obligations Law § 5-701 [a] [1]). We agree with plaintiffs that the court erred in relying on the doctrine of part performance to defeat that defense. The doctrine of part performance

is not applicable to actions governed by section 5-701 (*see Messner Vetere Berger McNamee Schmetterer Euro RSCG v Aegis Group*, 93 NY2d 229, 234 n 1; *Stephen Pevner, Inc. v Ensler*, 309 AD2d 722, 722; *Valentino v Davis*, 270 AD2d 635, 637-638).  To the extent we stated otherwise in *James v Western N.Y. Computing Sys.* (273 AD2d 853, 854-855) and *Binkowski v Hartford Acc. & Indem. Co.* (60 AD3d 1473, 1474-1475), those cases are no longer to be followed.  In light of our determination, we do not address plaintiffs' remaining contentions.

Entered:  March 15, 2013                    Frances E. Cafarell
                                            Clerk of the Court