867-871 Knickerbocker, LLC, Appellant,
against
Martha C. Poli, Respondent, Maria Clara Matias and Patricia Damon, Tenants, et al., Undertenants. 




Stern & Stern, Esqs. (David Lyle Stern and Pamela Smith of counsel), for appellant.
Brooklyn Legal Services Corporation A, (Jack Underwood and Jessica A. Rose of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Remy Smith, J.), entered May 25, 2018. The order granted a motion by tenant Martha C. Poli to dismiss so much of the petition as was against her in a holdover summary proceeding.




ORDERED that the order is affirmed, without costs.
In a prior holdover proceeding commenced in 2014, landlord alleged that the month-to-month oral lease of Martha C. Poli (tenant) had expired and that the apartment was not subject to rent stabilization due to a substantial rehabilitation of the building. Following a nonjury trial, the Civil Court, in a decision dated January 3, 2017, dismissed the petition in that proceeding, finding that landlord had failed to meet its burden to show that the building had been substantially rehabilitated, because landlord had failed to present adequate evidence regarding the condition of the building before landlord's construction (see Rent Stabilization Code [9 NYCRR] § 2520.11 [e] [requiring that the building be in "substandard or seriously deteriorated condition" before any rehabilitation in order to qualify for exemption from rent stabilization]). A final judgment was entered in that proceeding, and landlord's appeal therefrom is decided herewith (867-871 Knickerbocker, LLC v Poli, Misc 3d , 2019 NY Slip Op [appeal No. 2017-1695 K C]). 
In 2017, landlord commenced the instant holdover proceeding, again alleging that the month-to-month oral lease had expired and now claiming that the apartment was not subject to rent stabilization due to high-rent vacancy decontrol after increases for individual apartment improvements had been added to the legal regulated rent. Maria Matias and Patricia Damon neither answered nor appeared in this proceeding. Tenant moved to dismiss so much of the proceeding as was against her, based upon, among other things, res judicata. In an order entered [*2]May 25, 2018, the Civil Court granted tenant's motion. We affirm.
"Under the doctrine of res judicata, a party may not litigate a claim where a judgment on the merits exists from a prior action between the same parties involving the same subject matter. The rule applies not only to claims actually litigated but also to claims that could have been raised in the prior litigation. The rationale underlying this principle is that a party who has been given a full and fair opportunity to litigate a claim should not be allowed to do so again" (Matter of Hunter, 4 NY3d 260, 269 [2005]). New York has adopted a "transactional analysis approach" in deciding res judicata issues, whereby "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" (O'Brien v City of Syracuse, 54 NY2d 353, 357 [1981], citing Matter of Reilly v Reid, 45 NY2d 24, 29-30 [1978]; see Jacob Marion, LLC v Jones, 168 AD3d 1043 [2019]; Greaves v Ortiz, 65 AD3d 1085 [2009]). Here, the variance in landlord's legal theory for deregulation does not create a different cause of action for purposes of res judicata (see O'Brien, 54 NY2d at 357; Matter of Reilly, 45 NY2d at 30; Greaves, 65 AD3d at 1085). As landlord was given a full and fair opportunity to litigate its claim in the prior proceeding, res judicata bars landlord's current claim.[FN1]


Accordingly, the order is affirmed. 

WESTON, J.P., ALIOTTA and ELLIOT, JJ., concur.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: August 23, 2019



Footnotes

Footnote 1:We note that the fact that an appeal was pending in the other proceeding did not alter the applicability of the preclusive effect of res judicata (see Plaza PH2001 LLC v Plaza Residential Owner LP, 98 AD3d 89 [2012]; Matter of Amica Mut. Ins. Co. [Jones], 85 AD2d 727 [1981]; see also Petrella v Siegel, 843 F2d 87 [2d Cir 1988]).