Artur Kotarba, Appellant, 
against
Andrea Bobrow, Respondent. 

Artur Kotarba, appellant pro se.
Reingold & Tucker (Abraham Reingold of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Lizette Colon, J.), entered May 23, 2018. The order, insofar as appealed from, granted defendant's motion to dismiss the complaint.
ORDERED that the order, insofar as appealed from, is affirmed, without costs.
In a prior action commenced in 2016, plaintiff sought to recover the principal sum of $25,000, representing the value of his personal property that was not returned to him after he had been evicted from an apartment which was owned by defendant. Following a nonjury trial, a judgment was entered on April 25, 2017, awarding plaintiff the principal sum of $10,000. On defendant's appeal therefrom, the judgment was reversed and the complaint was dismissed (see Kotarba v Bobrow, 65 Misc 3d 156[A], 2019 NY Slip Op 51952[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]).
In 2018, plaintiff brought the instant action to recover the principal sum of $25,000 for "loss of use" of his personal property that was not returned to him after he had been evicted from an apartment which was owned by defendant. Defendant moved to dismiss the complaint on the ground of res judicata. Plaintiff appeals from so much of an order of the Civil Court entered May 23, 2018 as granted defendant's motion.
"Under the doctrine of res judicata, a party may not litigate a claim where a judgment on the merits exists from a prior action between the same parties involving the same subject matter. The rule applies not only to claims actually litigated but also to claims that could have been raised in the prior litigation. The rationale underlying this principle is that a party who has been given a full and fair opportunity to litigate a claim should not be allowed to do so again" (Matter of Hunter, 4 NY3d 260, 269 [2005]). New York has adopted a "transactional analysis approach" [*2]in deciding res judicata issues, whereby "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" (O'Brien v City of Syracuse, 54 NY2d 353, 357 [1981]; see Jacob Marion, LLC v Jones, 168 AD3d 1043 [2019]; Greaves v Ortiz, 65 AD3d 1085, 1085-1086 [2009]). Here, the variance in plaintiff's legal theory does not create a different cause of action for purposes of res judicata (see Greaves v Ortiz, 65 AD3d at 1085-1086; 867-871 Knickerbocker, LLC v Poli, 64 Misc 3d 150[A], 2019 NY Slip Op 51416[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]). As plaintiff was given a full and fair opportunity to litigate his current claim in the prior action, res judicata bars the instant action.
Accordingly, the order, insofar as appealed from, is affirmed.
WESTON, J.P., ELLIOT and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 12, 2020